*W. H. Card, for appellants.*

---

HARRISON & SHELBY *v.* W. O. BARKSDALE'S ADM'X.

**Partition of Real Estate—Suit to Settle Insolvent Estate.**

> The fact that an interested party to a partition suit is dissatisfied with the partition as made, and offers to buy the whole at a given price is no ground to set aside the partition.

**Suit to Settle Insolvent Estate.**

> Where there are accounts to settle, in a suit to settle an insolvent estate, the case should be referred to a master, and where this is not done the court of appeals will not undertake to enter into an investigation of the items involved.

### APPEAL FROM TODD CIRCUIT COURT.

January 5, 1875.

OPINION BY JUDGE COFER:

The appellee had a right to have the homestead set apart, unless doing so would materially affect the value of the residue of the tract; and it was incumbent on those who insist that such will be the result to show the fact by satisfactory evidence, which has not been done. Nor can we decide upon anything in the record that the two and five-eighths acres laid off to be sold would have been more valuable if it had been laid of on any other part of the tract, or in different shape.

The offer of the appellants to pay $1,200 for the whole tract furnished no reason why the whole should have been sold, for in the first place, no matter what appellants may have been willing to pay, the actual value, and not their estimate of the value, was the true criterion for the government of the court; and in the next place, there was no guaranty that they would have given what they proffered to give.

We are not satisfied that the administratrix was not legally chargeable with more than she was charged with in the judgment; but we will not reverse on that ground at the instance of these appellants.

In suits to settle insolvent estates, it is peculiarly the province of the master to ascertain the items and amounts with which personal representatives should be charged; and when it is sought to charge them with more than they have accounted for, it is the duty of the party seeking to do so to have the case referred; and when, as in this case, this has not been done, we will not undertake to enter into the investigation of a long list of items, and to state an account, in order to ascertain whether there may not be some trifling omissions or inaccuracies in the details of the account.

"The practise of finally hearing causes involving the settlement of accounts, without the intervention of the master and the aid of his report, is not only burdensome to the lower court, and to this

court, but is unsafe to litigants." *Roberts' Ex'r v. Dale, et al.,* 7 B. Mon. 200.

As it was the appellants' duty to ask such reference, and to have given the court the aid of a report by the master, and as it is uncertain whether the judgment is not right, we will not reverse it at their instance.

Judgment *affirmed.*

*Petre & Reeves, for appellants.*
*G. Terry, for appellees.*