CASE 51—PETITION EQUITY—DECEMBER 13.

# Adams' Ex'or v. Bement, &c.

APPEAL FROM HENDERSON CIRCUIT COURT.

1. A SCHEDULE filed by the appellant in the office of the clerk of the inferior court within ninety days after the granting of an appeal by the Clerk of the Court of Appeals, is in time to entitle him to prosecute his appeal upon a partial transcript.

2. AN APPELLANT WHO PROSECUTES AN APPEAL UPON A PARTIAL TRANSCRIPT does so at his peril; and if it appear that part of the testimony relating to the matter in controversy has been omitted from the transcript, it will be presumed a complete record would sustain the judgment; and this rule is equally applicable to a cross-appeal, as the appellee has the right to file an additional schedule and cause the entire record to be copied.

3. IT WAS ERROR TO CHARGE AN ADMINISTRATOR WITH INTEREST on the amount of the real estate in his hands during a suit brought by him to settle the estate, in the absence of evidence that he used or made profit out of it, as he brought the action in due time and held the proceeds subject to judgment and order of court.

R. H. CUNNINGHAM AND S. B. & R. D. VANCE FOR APPELLANTS.

1. The ruling of the lower court that the gift of the insurance and the transfer as collateral of the government claim were intended in part to indemnify Jno. C. Adams against loss as surety for and creditor of his father, and, therefore, that he should not be allowed to prove any then existing claims against his father's estate, was clearly error, as was also the subsequent refusal to allow appellant's claim as reported by the commissioner. (Insurance Law, Act of March 10th, 1870; Thompson v. Cundiff, 11 Bush, 567; Stokes v. Coffee, 8 Bush, 533; Hill v. Hartford Life Ins. Co , 90 Ky., 101.)

2. It was error in the court to allow interest on the claim of appellee from May 7th, 1885, he having failed to present it until July 10th, 1888. (Gen. Statutes chap. 39, art. 2, sec. 53; Jett's Ex'or v. Cockrill's Ex'or, 85 Ky., 348.)

3. The administrator should not have been charged interest on the assets in his hands since he promptly brought suit for the settlement of the estate, and did in no sense use or withhold from the heirs or creditors anything in which they had an interest. (Moore v. Beauchamp, 4 B. M., 79; Gen. Statute, chap. 39, art. 2, sec. 25; Grigsby v. Wilkinson, 9 Bush, 91.)

Adams' Ex'or v. Bement, &c.

4. The action of appellee against the estate to recover for dower recovered by the widow of the deceased is barred by the statute of limitation. (Gen. Statute, chap. 71, art. 3, secs. 2 and 6; Buswell on Limitation, secs 16 and 385; Bell v. Morrison, 1 Peters, 351; Wilberming v. Russ, 33 Conn., 67; Rane v. Bloodgood, 7 Johns. Ch'y, 90; Zachay's Adm'r v. Hicks, 7 Ky. Law Rep., 755; Cavanaugh v. Britt, 12 Ky. Law Rep., 206; Cotton v. Brown, 9 Ky. Law Rep., 115; Woods v. James, 10 Ky. Law Rep., 531.)

H. F. TURNER and MONTGOMERY MERRITT for appellee.

1. Appellant having been granted. an appeal by the circuit court and filed a schedule, but not until the ninety days within which it must be filed had expired, and then abandoned that appeal and prayed one from this court, the schedule filed under the appeal granted by the circuit court will not avail, and none other having been filed, the appeal should be dismissed. (Geoghegan v. Beeler, 9 Ky. Law Rep., 407; Wilder v. Hudson, 9 Ky. Law Rep., 710.)

2. If the appeal should not be dismissed, the case should be affirmed upon the original appeal prosecuted on a partial transcript. (9 Ky. Law Rep., 261; 10 Ky. Law Rep., 661; 11 Ky. Law Rep., 388; 12 Ky. Law Rep., 73'; 13 Ky. Law Rep., 49 and 254; Barton v. Barton, 80 Ky., 212; Shaw v. Shaw, 15 Ky. Law Rep., 594.)

3. The lower court erred in allowing John C. Adams a lien upon the policies of insurance transferred to him by his father except for the the amount of the premiums paid by him.

Appellee was a contingent creditor of Joseph Adams from the time of the date of the deed conveying to him "Diamond Island," with general warranty, which was given before the transfer of the policies of insurance. (4 Met., 146; 2 Duv., 404; 1 Am. Leading Cases, 42 and 73; 52 Am. Dec., 116; Stokes & Son, &c., v. Coffey, 8 Bush. 533; Thompson v. Cundiff, 11 Bush, 568; Hise v. H. L. I. Co., 11 Ky. Law Rep., 925 )

4. The statute of limitations does not apply in this case since the suit of the administrator to settle the estate prevented the statute from running in his favor.

5. No appeal having been taken from the judgment in favor of appellee for $6,650, that must, of course, stand.

6. The administrator should have been charged interest after two years as provided in sec. 25, chap. 39, Gen. Stat., for the money was not paid into court by him, but was claimed by him individually. (9 Bush, 91.)

JUDGE LEWIS delivered the opinion of the court.

Joseph Adams having died July 19, 1884, intestate, J. C. Adams, his son, was appointed administrator,

and August 3, 1885, brought this action to settle his
estate, alleged to be insolvent.   July 10, 1888, C. R.
Bement being, upon his petition, made party-defend-
ant, filed an answer and cross-petition, in which he
stated that, May 7, 1885, E. S. Adams' widow recov-
ered of him judgment for her dower interest, of value
about six thousand five hundred dollars, in a tract of
land sold and conveyed to him by Joseph Adams in
1880, whereby and for which amount there existed a
demand in his favor against the estate.   He further
stated J. C. Adams had not, as administrator, caused
to be made and reported a true and correct inventory
and appraisement of the estate, but that Joseph Ad-
ams had, a short time before his death, fraudulently
conveyed policies of life insurance and a claim against
the United States to J. C. Adams, since collected and
appropriated by him, amounting to at least fifteen
thousand dollars, that were properly parts of said
estate, and subject to payment of demands against it.
Judgment was rendered dismissing the cross-petition
of Bement, but allowing his demand paid *pro rata*
out of estate found in hands of the administrator
other than the proceeds of said claim and policies of
insurance.   It was further adjudged that the policies
were transferred in part to indemnify J. C. Adams
against loss by reason of payments he had made, or
was bound to make, as surety or otherwise, for his
father, Joseph Adams, and therefore the estate then
in his hands as administrator was not liable for any
such debt due or paid by him.

From that judgment J. C. Adams has appealed, and
C. R. Bement prosecuted a cross-appeal.   But before
considering the main questions involved, it is neces-

sary to decide a motion of appellee Bement to dismiss the appeal upon the ground the schedule was not filed in time required by the Civil Code.

The final judgment was rendered February 9, 1892, but the schedule was not filed until June 6, 1892, and if this appeal had been granted by the inferior court, the motion would have to be sustained under subsection 4, section 737, as follows:

"The appellant, within ninety days after the granting of the appeal, shall file in the office of the clerk of the inferior court a schedule showing concisely what parts of the record he wishes to have copied. His failure to file said schedule within the time prescribed shall be cause for dismissal of his appeal." It was, however, not granted by the inferior court, but by the Clerk of the Court of Appeals. Consequently, the rule of practice by which we are to be now governed is prescribed in subsection 7, as follows: "If the appellant to whom an appeal is granted by the Clerk of the Court of Appeals chooses to file a transcript of a part only of the record, he shall file in the office of the clerk of the inferior court a schedule similar to that above described, and shall cause notice of the filing thereof to be served on the appellee and to be returned to said office as a summons is directed to be served and returned." Though no specified time is mentioned within which the schedule shall be filed after an appeal is thus granted, we think it was intended it should be likewise done within ninety days, not after the appeal was granted by the inferior court, which must, if at all, be done during the term at which the judgment was rendered, but after the appeal was granted by the

Clerk of the Court of Appeals, which may be done at any time within two years from rendition of the judgment. In this case the schedule was filed June 6, 1892, less than ninety days after the appeal was granted by the Clerk of the Court of Appeals, and consequently the motion must be overruled.

It seems to us, as the record stands, the lower court properly adjudged the estate of Joseph Adams now in the hands of J. C. Adams as administrator not liable for his individual demands which are in question. Besides, as argued by counsel of appellee Bement, it is well settled that an appellant who prosecutes an appeal upon a partial transcript does so at his peril, and if it appear, as does in this case, that part of the testimony relating to the matter in controversy has been omitted from the transcript, it will be presumed a complete record would sustain the judgment. We also think the court did not err in dismissing the cross-petition of appellee Bement, for the evidence before us is not sufficient to authorize the conclusion the policies of insurance and claim against the United States were fraudulently or illegaly transferred by Joseph Adams to his son J. C. Adams. Moreover, the rule just referred to is equally applicable to the cross-appeal, for appellee had the right to file an additional schedule, and · cause the entire record copied, which he failed to do.

In our opinion it was error to charge the administrator with interest on amount of the estate in his hands during the litigation; for, as he in due time brought the action for settlement of the estate, and held the proceeds subject to judgment and order of

court, he should not be made to pay interest in absence of evidence that he used or made profit out of it.

For the error indicated, the judgment is, on appeal of J. C. Adams and Cunningham each, reversed, and case remanded for further proceedings consistent with this opinion, and on cross-appeal of Bement affirmed.