## Howe, et al. v. Winn, Exor., et al.

(Decided November 21, 1912.)

### Appeal from Montgomery Circuit Court.

1. Executors and Administrators—Care of Funds in Hands of.—It is the duty of a personal representative to use such care to make the funds in his hands interest bearing, as a person of ordinary prudence would use in handling his own funds.

2. Executors and Administrators—When Not Charged With Interest.—After two years from his qualification, the executor will not be charged with interest on the funds in his hands if he in fact received no interest, and by ordinary care could not have earned it by reason of the fact that he had to keep the money to meet pending litigation against him.

3. Executors and Administrators—Use of Ordinary Care—Question of Fact.—The judgment of the circuit court on a question of fact whether the executor used ordinary care will not be disturbed ou doubtful evidence.

McQUOWN & BECKHAM, A. F. BYRD and B. F. DAY for appellants.

ROBT. H. WINN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Affirming.

J. G. Winn was appointed executer of C. W. Howe on December 28, 1903. Howe at the time of his death had

in bank to his credit $9,057.35. The executor took charge of this money. He collected various sums on notes, accounts and the sale of a stock of merchandise, and paid out debts owing by the defendant in various sums so that on January 1, 1906, or two years after his qualification as executor, after deducting the sums which he had paid out, there was a balance in his hands of $10,-760.00 belonging to the estate. He made a final settlement of his accounts on May 27, 1910, when he had left in his hands for distribution the sum of $7,420.89. This amount he paid out. No interest was charged the executor in his settlement on the money in his hands, and this suit was brought to surcharge the settlement on the ground that interest should have been charged against the executor at least after January 1, 1906. The circuit court dismissed the petition and the plaintiffs appeal.

Section 3859 Kentucky Statutes is as follows:

"A personal representative, after the expiration of two years from the time he qualifies, shall be charged with interest on the surplus assets in his hands from that period, and before the expiration of two years shall be charged with all interest realized on assets."

It will be observed that the statute provides that the representative shall be charged with interest on the surplus assets in his hands after the expiration of two years from the time he qualifies. But the statute only applies to the surplus assets in his hands. In Adams Exor. v. Bement, 96 Ky., 324, the court said:

"In our opinion it was error to charge the administrator with interest on the amount of the estate in his hands during the litigation; for, as he in due time brought the action for settlement of the estate, and held the proceeds subject to the judgment and order of court, he should not be made to pay interest in the absence of evidence that he used or made profit out of it."

Again in Briggs' Exor. v. Walker, 102 Ky., 359, the court said:

"On the cross appeal it is suggested that the executor should account for interest on the fund collected in March, 1894, until the rendition of the judgment in July, 1895. We think not, because it does not appear that he used the funds or made it profitable, or that he could have done so safely in view of the litigation."

In Steele's Administrator v. Lewis, 105 S. W., 1191, the court said:

"There are cases in which administrators should not be charged with interest on such a balance, but the burden rests upon the administrator to show a state of facts to relieve himself from this charge, which appellants have failed to show in this case. It is true they show that there were several suits pending against the estate; but they do not show that they held the money due the estate, and kept it separate from their own money for the purpose of meeting any judgment that might be rendered against the estate. So far as appears from the record appellants might have used or mingled the money belonging to the estate with their own. They only testified that they did not make any interest on the money."

In Pennybaker v. Williams, 136 Ky., 120, the court said:

"In response to the complaint that the administrator should be charged the legal rate of interest for the money which came to his hands, from the time he received it until the date of distribution, it is only necessary to state that his duty required him to collect and preserve the estate and make distribution thereof as soon as he reasonably might. He was not called upon to loan out this money. He could not know when the litigation would end, or how soon he would be required to make distribution, and hence he would not have been warranted in loaning the money, except as he did upon call * * * and he should be charged only with the interest which he actually received."

In the case at bar the proof is clear that the executor in fact earned no interest on the funds. When he qualified, suits involving large sums of money were brought against him. In some of these suits judgments were rendered against him for larger sums than the distributable balance in his hands. On appeal to this court, these judgments were reversed. (Howe's Exor. v. Griffin, 126 Ky., 373; Howe's Exor. v. Equitable Life Assurance Society, 137 Ky., 437.) In addition to this litigation there were other suits against the executor involving considerable sums of money. The executor deposited the money in the bank of which he was president, and kept it there until the litigation was disposed of. He then made distribution. No interest was allowed by the bank on the deposit. It is insisted that as the executor deposited the money in the bank of which he was president and a stock-

holder, that he should be charged with interest on it; but he shows that the bank maintained its reserve over and above this fund, and that he had the bank to do this because he could not tell when he would be required to pay the money out. He also shows by a number of bankers that it was not practicable to deposit the money in a bank subject to call and obtain interest on it. There is no contradiction of this evidence. The circuit court knew the parties and the witnesses. We give great weight to his finding on a question of fact, and we cannot on the proof here set aside his finding in favor of the executor.

It is the duty of a personal representative to use ordinary care to make the trust funds in his hands productive of interest; that is, he should use such care in handling the trust funds as a man of ordinary prudence would use in handling his own money to make it productive of interest. The duty rest upon him from the time he qualifies. Until the expiration of two years he is chargeable with such interest as he realizes, or should realize, where under the circumstances, by ordinary care, interest should be realized. But the presumption is in his favor during this period, and he is only to be charged with interest that he did not realize, where he is affirmatively shown to have been remiss in his duty. On the other hand, after the expiration of two years, he is *prima facie* chargeable with interest on the surplus in his hands, and the burden is on him to show that by reason of circumstances beyond his control he was unable, in the exercise of ordinary care, to earn interest on the fund. Here, in view of the uncontradicted proof in the record, we cannot say that the chancellor erred in holding that the executor had used ordinary care under the circumstances in which he was placed, and in view of the many litigations in which the estate was involved.

Judgment affirmed.