## Culver v. Lutz, et al.

(Decided October 25, 1916.)

Appeal from Boyd Circuit Court.

1. Appeal and Error—Final Order.—A judgment upon the merits,
   which is a final determination of the case and completely dis-
   poses of the action, is a final one, from which an appeal will lie.
2. New Trial—Setting Aside Judgment.—After the term at which
   a final judgment is rendered, the trial court has no power to set
   it aside, except in the manner prescribed by sections 344, 519 and
   520, of the civil code, and for the causes mentioned in sections
   340 and 518 of the civil code.
3. Appeal and Error—Costs.—An appeal will not lie from a judg-
   ment for costs, only.

P. J. RYAN and MILLARD TYREE for appellant.

PROCTOR K. MALIN and S. S. WILLIS for appellees.

OPINION OF THE COURT BY JUDGE HURT—Dismissing
appeal.

Kirk Valdenar Culver died, intestate, in Boyd county.
A suit was instituted in the circuit court of that county
for a settlement of his estate, and the payment of his
creditors and the distribution of the surplus among his
heirs. An order was duly made in the action, by which
it was referred to the master commissioner of the court
to hear proof and report upon the claims of creditors of
the estate, and the various creditors were ordered to file
and prove their claims before the commissioner. The
appellant, Kirk Valdenar Culver, presented and filed a
claim before the commissioner based upon an alleged
promissory note for the sum of $5,000.00. The adminis-
trator filed exceptions to this claim, and considerable
proof was taken before the commissioner by appellant
and the administrator. The commissioner decided the
issues made upon the claim adversely to appellant, and
on the 26th day of November, 1912, at a regular term
of the circuit court, filed his report, in which the claim
was disallowed. The appellant did not file any excep-
tions to the report, and on the 3rd day of December
following its filing, the matter came on regularly for
hearing, when the court rendered a judgment approving
the report and the findings of the commissioner, and
further adjudged that the claim of appellant was not

a valid or enforcible claim against the estate. Several days thereafter the court adjourned regularly and finally for the term.

The judgment was a final determination of the case so far as the appellant was concerned. It was a judgment upon the merits, and completely disposed of appellant's action. It was one which the court had no power to vacate, modify or set aside at a term subsequent to the one at which it was rendered, except in the time and in the manner provided by law. Wood v. Sharp, etc., 159 Ky. 46. After the term at which it was rendered, if dissatisfied, the appellant had open to him, by law, two courses, which he might have pursued. He could have appealed from the judgment to this court, in the time and manner provided for appeals from the circuit courts to this court, or he could have sought a vacation of the judgment in the manner prescribed by Sections 344, 519 and 520 of the Civil Code, and for the causes mentioned in Sections 340 and 518, Civil Code, if any such causes existed. The appellant did not pursue either of the courses. He was not a non-resident, hence the method of obtaining a new trial provided by Chapter 1 of Title X., of the Civil Code, could not be applied. There is no pretense that the entry of the judgment arose from a misprision of the clerk. Hence, the method necessary to be pursued by him was by filing a petition and having process thereon, as provided by Sections 344 or 520, of the Civil Code. At the January term of the court, 1913, the appellant filed a motion to set aside the judgment, and, also, exceptions to the report of the commissioner. At the November term of the court, 1913, the court overruled the motion and entered a judgment for costs in favor of appellees against appellant. This order was entered on December 12th, 1913. From it this appeal was taken by appellant on the 8th day of December, 1915. The motion of appellant after the term at which the judgment was rendered, seemed to have been an effort to require the court to retry the case upon the same evidence and pleadings upon which it had once tried the case. Nothing different was offered or suggested. It was *res judicata,* and the court properly refused to do it, as it then was without authority to disturb the judgment in the manner sought. The order of December 12th, 1913, from which the appeal is taken, is not a judgment from which an appeal will lie, as the only judgment

embraced by it is a judgment for costs, and an appeal does not lie from a judgment for costs only. There is no statement of the amount of the costs and nothing to indicate the court has jurisdiction.

It is therefore ordered that the appeal be dismissed.