# DECISIONS

### OF THE

# Court of Appeals of Kentucky

## FALL TERM, 1916.

### Evans' Administrator v. McVey, et al.

(Decided November 1, 1916.)

## Appeal from Whitley Circuit Court.

1. Executors and Administrators—Settlement of Estate—Allowance for Services.—Where an estate, after it had been reduced to money, amounted to $15,075.49, and where the debtors of the estate were numerous, and lived in different counties and different states, and required a great deal of time and tact to insure success, and the administrator succeeded in collecting all the assets and disbursing them, without litigation or any act to cause a loss or expense to the estate, the sum of $753.77 was not an excessive allowance for his services.

2. Executors and Administrators—Allowance for Services.—The county court should not allow an administrator anything for extraordinary services, except upon proof and after notice to the interested parties; and where the administrator does not exhibit a statement showing his expenses and extraordinary services, his claim for same should not be allowed.

3. Executors and Administrators—Employment of Counsel—Allowance for Fees.—If it is necessary for an administrator to employ counsel to advise him as to his duties and to assist him in discharging them, he is authorized to do so, and reasonable fees paid by him for such services should be allowed to him in the settlement of the estate.

4. Executors and Administrators—Services Rendered an Estate.—The fees paid by an administrator to an attorney for assistance in the administration of the estate must be reasonable, taking into consideration the character of the services rendered, the time employed, the size of the estate, and the extent of the litigation.

vol 172—1

5. Executors and Administrators—Claims Against For Board and
   Nursing—Contract for Must be Shown.—The statute, 2178, Ken-
   tucky Statutes, destroys any implication to pay for board and
   lodging furnished by a person, other than a tavern keeper or
   keeper of a house of private entertainment, from the mere fact
   that it is furnished and accepted, but a contract must be shown
   to pay for such entertainment before a basis is laid for a recovery.

6. Executors and Administrators—Claim for Board and Lodging.—If
   each of the parties contemplated, that the person receiving board
   and lodging would pay therefor, it is sufficient to raise a promise
   to pay whatever it is reasonably worth.

7. Executors and Administrators—Discretion of Courts in Matter of
   Costs.—The courts have a judicial discretion in regard to costs
   in actions to settle and distribute the estate of deceased persons,
   to settle partnerships, and to settle and enforce trusts.

J. N. SHARP, C. N. SMITH and J. P. HOBSON & SON for appel-
lant.

STEPHENS & STEELEY for appellees.

OPINION OF THE COURT BY JUDGE HURT—Reversing
on appeal and affirming in part and reversing in part
on cross-appeal.

A. C. Evans, a resident of Whitley county, died in-
testate, and James Teague became the administrator
of his estate. About two years after his appointment,
the administrator made a settlement of his accounts with
the county court, which was approved and put to rec-
ord. Thereafter, certain of the heirs of decedent united
in a suit against the administrator, in which they sought
to have the settlement made with the county court sur-
charged. The heirs of decedent, other than the plain-
tiffs, were made defendants, but, they never answered
or took any part in the litigation. Complaints were
made in regard to many things, which the plaintiffs in-
sisted should have been charged as debits in the settle-
ment, but which were not so charged, and that the admin-
istrator had received credits by sums in the settlement
to which he was not justly entitled. Evidence was taken
upon the issues by each side, the case was submitted for
trial and judgment, and the circuit court rendered a
judgment to the effect, that the administrator had been
charged in the settlement with the county court all of
the things which he should have been justly charged
with. All the credits given the administrator in the
county court were approved, except the credit allowed

him for his compensation as administrator was adjudged to be excessive and was reduced, and the amount of the credit, which he had paid for counsel fees in the administration of the estate, was all disallowed.

The administrator had employed attorneys to advise and assist him in the administration of the estate, and the county court, in the settlement made with it, for his own compensation, as administrator, and the amounts paid by him to his attorneys, allowed him a total sum of $1,800.00, but on account of a mistake in the settlement, he actually received only $1,700.00, and the remainder of the estate was distributed to the heirs. In the settlement with the county court, the administrator was allowed a credit of $110.50, as alleged, for extraordinary services, in the administration of the estate.

While the estate was in course of administration, Sena J. Evans, a widow, presented a claim against the decedent's estate for the sum of $308.00 for board and lodging furnished the decedent, and washing his clothes, and personal attentions to him for the last nineteen or twenty months of his life. This claim was paid by the administrator and he was given a credit by it in his settlement with the county court.

The credits above mentioned of $110.50 for expenditures and extraordinary services, and the credit of the amount of the claim of Sena J. Evans, were held to be proper credits.

The credit allowed by the county court of $1,800.00 for compensation of the administrator and the sums paid by him to his attorneys for counsel and advice was reduced to the sum of $753.77.

The court then rendered a judgment in favor of the plaintiffs against the administrator for the sum of $608.29, being the portion of the difference between the $1,700.00 received by him for his compensation and fees paid to his attorneys, and the sum of $753.77, to which the court reduced this credit, which the plaintiffs, as heirs of decedent, were entitled. It was further adjudged that the plaintiffs recover their costs against the administrator, except the costs expended by them with reference to items of debit or credit in the settlement, which were approved by the court, and with reference to such items, the administrator would recover the costs expended by him of the plaintiffs. The administrator excepted to that part of the judgment which adjudged

that the $1,800.00 credit allowed him by the county court was excessive, and reduced it to $753.77, and adjudged him to pay the plaintiffs the sum of $608.29, with interest, and appealed to this court.

The plaintiffs in the suit, who are the appellees here, excepted to so much of the judgment as fixed the compensation of the administrator and counsel fees at $753.77, which they insist should not have been a sum exceeding $500.00. They, also, excepted to that part of the judgment which held, that the credit of $110.50 for extraordinary services and expenditures, and the credit allowed for the payment of the claim of Sena Evans, to be proper credits, and to that part of the judgment by which they were adjudged to pay the costs of the administrator, which he had expended in defending their suit against him upon items of the settlement, which were approved by the judgment, and denying to them the recovery of their costs with reference to such items, and have taken a cross-appeal from so much of the judgment excepted to.

(1) The entire estate of decedent seems to have consisted of money and promissory notes, some of which were secured by mortgages, and a small amount of personalty, other than these. The total sum received and disbursed by the administrator was $15,075.49. Five per centum of this sum is $753.77, the amount at which the circuit court fixed the compensation to which he was entitled as administrator. The persons who owed the estate and from whom the administrator made collections were numerous, and some of them lived in counties other than the county in which the letters of administration were granted, and some of them were non-residents of the state of Kentucky. While all the sums which were owing to the estate were collected without the necessity of litigation, the work of making the collections and disbursements, and attending to the necessary duties of his office by the administrator were necessarily considerable, requiring time and tact to insure success. The allowance is not in excess of the amount permitted by law. Sec. 3883, Ky. Statutes. The administration of the estate was done skilfully and without any acts, which caused a loss to the estate. The allowance of $753.77 does not appear to be in excess of the sum to which the administrator was entitled for his services alone. Section 3883, *supra*, provides:

"The allowance to executors, administrators and curators shall not exceed five per cent. on all the amounts received and distributed: Provided, that upon proof heard in open court, upon proper notice to the parties in interest, the court may make an allowance when the executor, administrator or curator has, in the proper discharge of his duties, in attending to, administering and settling the estate in his hands, been required to perform extraordinary services; but such allowance shall not exceed in amount a fair compensation for the time occupied, and expenses incurred in protecting, attending to, collecting, and settling such estate, and five per cent. on all amounts received and distributed."

(2) The credit of $110.50, for extraordinary services, should not have been allowed at all. The administrator did not exhibit any statement showing of what these extraordinary services consisted, nor any of the items of such service. The allowance was made by the county court without any notice to the parties in interest, and as it appears, without any proof upon which to base the allowance. The circuit court, when it refused to purge the settlement of the credit, did not have before it any sufficient proof to sustain it. The only evidence to support the credit was the testimony of the administrator, which was to the effect that he made trips occasionally to the county seat, and showed no acts beyond the ordinary duties of an administrator.

(3) There is nothing any better established than that an administrator may, if necessary, employ attorneys to advise and assist him in the settlement of the estate of the decedent, and that they are entitled to a reasonable compensation for their services, to be paid as costs out of the assets of the estate. If the administrator has paid them for their services, he should be allowed the reasonable amounts paid by him for such services as a credit in his settlement of the estate. Chaplin v. Moore, 7 Mon. 166; Newcomb v. Newcomb, 22 R. 1359; Pennebaker v. Williams, 136 Ky. 120. In 11 Am. & Eng. Ency. 1245, the rule is stated thus:

"In many cases it is necessary for an executor or administrator to employ counsel to advise him as to his duties and assist him in the discharge thereof, in order to protect both the estate and himself. This he always has the right to do, and the fees paid by him for such services are chargeable against the estate."

In Harding's Admr. v. Harding, 132 Ky. 133, it was said:

"No fixed rule can be adopted by which a scale of fees for attorneys can be laid down. All that can be said is that they must be reasonable; taking into consideration the character of services rendered, the time employed, the size of the estate, and the extent of the litigation."

In the instant case, there was not any litigation. The services rendered by the attorneys consisted of advising the administrator from time to time in regard to his duties, and the questions arising about the claims of the estate against those indebted to it. No particular skill seems to have been necessary in the advice rendered, and no problems of special difficulty seem to have arisen. The administrator claims that he paid to his attorneys for their services, the sum of $800.00, and this amount went to make up the $1,800.00 credit he received in his settlement with the county court. Such a sum was excessive for the services rendered and should not have been allowed. The trial court was, however, in error in not making an allowance to the administrator for the reasonable value of the service of his attorneys. Considering the size of the estate and the services rendered the administrator by the attorneys, in our opinion $250.00 should have been allowed the administrator for the fees paid by him to his attorneys, in addition to the $753.77 allowed to him for his services as administrator.

(4) The court did not err in refusing to surcharge the settlement as to the claim paid to Sena J. Evans, and to deny the administrator a credit by it. The claim was properly made out, sworn to by the claimant and proven by the oath of a witness, as required by law. It was not shown that the administrator acted in bad faith, in paying the claim. If the administrator had refused the payment, and required the claimant to have sued him, upon the proof in the record, he would have suffered a recovery against him, and the estate would have had to have borne the costs of the litigation. It is true that Section 2178, Ky. Statutes, provides that one who is not a tavern keeper or keeper of a house of private entertainment, who shall entertain another in his house, or furnish him with diet, or storage for his goods, not having made an agreement with such person for compensation

therefor, shall not recover anything against the person entertained, nor against his estate, but shall be considered to have done the entertaining or furnishing through courtesy. Here, the entertainment was proven to have been done under a contract, that the decedent should pay therefor. While the statute destroys the implication of a promise to pay for board and lodging from the mere fact that it is furnished and accepted, yet no special form of contract is necessary to lay the basis for a recovery for furnishing board and lodging. If each of the parties contemplated that the one receiving the board and lodging is to pay for it, it is sufficient to raise a promise to pay whatever it is reasonably worth. Bryson v. Briggs, 32 R. 149, 104 S. W. 982; Snowden v. Snowden, 96 S. W. 922; Ramsey v. Keith, 25 R. 582; Hancock v. Hancock, 24 R. 664.

(5) Section 889, Ky. Statutes, provided that in actions in equity, the party succeeding on the merits or otherwise shall recover his costs, except against nominal defendants, but in actions "for settling the distribution and division of deceased persons' estates, and to settle partnership, and to settle or enforce trusts, courts shall have a judicial discretion in regard to costs." The defendants, in this action, other than the administrator, and who sought to recover nothing, and made no costs, and against whom no recovery was sought, should not be taxed or pay any costs. The plaintiffs, when the case is returned to the court below, should be adjudged to recover all the costs, which they would be entitled to recover, if they had only sought to surcharge the settlement of the administrator as to the credit of $110.50 and $1,800.00, but costs made by them in unsuccessful efforts to charge the administrator with debits or unsuccessful efforts to disallow credits, they should not recover, and the administrator should recover his costs of the plaintiffs in defending himself against their such unsuccessful efforts.

Wherefore, the judgment is reversed upon the appeal and cross-appeal and remanded, with directions to set aside the judgment to the extent that it only allows the appellant $753.77 for his compensation as administrator and for attorneys' fees paid by him and to the extent that it allows him a credit for $110.50 for extraordinary services, and adjudges that appellees recover of him the sum of $608.29; and instead of $753.77, to allow him

·a credit of $1,003.77 for his compensation as administrator and for attorneys' fees, and disallow the credit of $110.50, entirely, and will render a judgment for appellees against the administrator for such portions of the estate as remain in the administrator's hands undistributed and to which they are entitled as the heirs of the decedent, after allowing him the credit of $1,003.77, and disallowing the credit of $110.50, and for proceedings consistent with this opinion in regard to the costs. In all other respects the judgment is affirmed.