## Armstrong, et al. v. McFarland, Administrator.

(Decided February 24, 1920.)

### Appeal from Carter Circuit Court.

1. Executors and Administrators—Services—Commissions.—Under section 3883 Kentucky Statutes an administrator may have an allowance not to exceed five per cent of the total amount received and disbursed, but if he has performed no special or extra service the allowance may be less than five per cent, provided it is a reasonable compensation for the services actually performed.

2. Executors and Administrators—Compromise—Consent Judgment. —Where a compromise is made by an administrator, or with his knowledge and consent, and the agreed judgment fixes the amount to be paid, and same is duly entered without objection from the administrator, he will not be heard to complain that he did not consent to the judgment, after a lapse of two years.

3. Executors and Administrators—Compromise—Laches—Bar.— Where a compromise is effected with the knowledge and consent

of the administrator, and the amount recovered is received and disbursed without objection from him, a delay of two years on his part is such laches as will bar his claim for additional compensation.

HAMILTON & POLSGROVE for appellants.

WAUGH & VINSON for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Reversing.

A judgment for $10,000.00 was recovered by Wingfield Scott as administrator of the estate of Newton McFarland for the wrongful death of his intestate. An appeal was prosecuted to this court and finally affirmed with damages. After much delay and the institution and prosecution of an equitable action to enforce the collection of the judgment, it was found that the amount due was something more than $16,240.00, but a settlement was made for that sum. The widow of McFarland was the sole beneficiary and she had assigned her interest in the judgment to a representative of the original defendant company. The attorneys prosecuting the action for damages were to have a fee equal to one-half of the amount recovered, so that the amount due the beneficiary was $8,120.00, and a like amount due the attorneys for the plaintiff. The plaintiffs were making claim to additional sums, but the lawyers representing both sides met at Ashland and effected a compromise for the settlement of the litigation for $16,240.00. The administrator, Wingfield Scott, was not present at Ashland at the time the compromise was made but the attorneys representing the estate called on Mr. Scott before leaving Grayson, the county seat of Carter county, and informed him that a meeting was to be had at Ashland for the purpose of effecting a settlement, and one of them suggested to Mr. Scott that he go along, but he did not desire to go though expressing a willingness to go if it were absolutely necessary; but on being informed that it was not necessary for him to be present and that the attorneys would represent him in the meeting to effect the compromise, he decided not to attend the meeting and did not do so. The attorneys went to Ashland and met the lawyers representing the defendant company and entered into an agreed judgment to which was signed the name of the administrator, Wingfield Scott, and the several at-

torneys. By this agreement $8,120.00 was paid to Armstrong, one of the attorneys, to be carried to the administrator at Grayson and held until certain differences among the lawyers were settled. The money was deposited in a bank of which Wingfield Scott was president, and after some litigation between the lawyers, the same was distributed. The administrator was paid $256.00, and a former administrator who had removed from the state was paid $150.00, making $406.00, which was five per cent of the amount paid by the company to the attorneys for the estate. Some two years after the money was recovered and several months after it had been distributed the administrator asserted a claim to five per cent of the whole amount adjudged to the estate, $16,240.00, which would amount to $812.00 in commissions, and this action was commenced by the administrator to recover said sum of the corporation which was the original defendant, and the several lawyers who had represented the plaintiffs. A trial resulted in a judgment in favor of the administrator for the sum of $812.00 against the attorneys only, subject to a credit of $256.00, the sum paid, and the defendants appeal.

From the evidence we learn that the administrator did nothing practically except qualify and permit the use of his name in the prosecution of the actions. He was not present at any of the trials, nor did he give any assistance whatever in the prosecution of the claim and the collection of the money except as set out above. True, the litigation dragged along for eight or ten years, but the administrator gave it practically no attention, nor did he even attend to the distribution of the funds collected, but left that to Mr. Armstrong.

Under section 3883 Kentucky Statutes, an administrator may have an allowance not to exceed five per cent on all the amounts received and disbursed, where he does not perform any extra service. Five per cent is the maximum and he may be allowed a smaller per cent if his services were slight. From the evidence in this case we are persuaded that the administrator was not entitled to the full five per cent. The amount paid him, $256.00, was ample to fully recompense him for all services performed. This sum was the administrator's pro rata of five per cent commission on the sum actually received, $8,120.00.

Aside from this, the evidence conduces to prove and it is practically admitted by the administrator that he knew of the meeting of the attorneys at Ashland for the purpose of compromising the claim of the estate against the defendant corporation and he authorized his attorneys to act for him as administrator in effecting the compromise, and when the attorneys came back and reported to him the nature of the compromise made, the administrator did not object but allowed the money to be deposited in the bank and fully distributed before he made complaint. Under these facts, we are of opinion that the compromise made was with the consent of the administrator, his name being signed to the agreed judgment, which was entered of record in the Carter circuit court, and he was bound thereby, especially with respect to the commissions due him as administrator; and we are further of opinion that he was guilty of such laches with respect to the distribution of the funds as would bar his recovery, if he were not otherwise concluded.

Where a client allows a compromise to be made with his knowledge, without complaint, and acquiesces in it for a long time, there is no escape from its binding force. If the administrator had objected to the settlement or had instituted his action to recover his commissions before the money was distributed his cause would have come in better grace. Longhridge v. Burkhart, 147 Ky. 457.

Entertaining these views, the judgment must be reversed with instructions to dismiss the petition.

Judgment reversed.