## Walters' Guardian, Ad Litem, et al. v. Ransdell, et al.

(Decided February 15, 1927.)

### Appeal from Shelby Circuit Court.

1. Executors and Administrators—To "Desire" Executor to Make Sale of Real Estate to Effect Purpose of Will Held to Empower or Authorize Such Sale.—Where sentence in will appointing executor further states, "I desire said executor to make sale of any

real estate necessary to carry out the purpose of this will," the word "desire" held to mean empower or authorize.

2. Executors and Administrators—Bona Fide Purchaser Receives Good Title to Land Conveyed by Executor Empowered to Sell to Execute Will, Although Price Exceeds Amount Necessary.—A conveyance by an executor empowered to sell real estate to obtain money necessary to effectuate the mandates of the will gives fee-simple title to a purchaser in good faith, although the purchase price exceeded the amount necessary.

3. Executors and Administrators—Purchaser of Land from Executor Empowered to Sell to Execute Will Need Not, Under Statute, Look to Application of Purchase Money (Ky. Stats., Section 4846).—Under the provisions of section 4846, Ky. Stats., a purchaser of land from an executor, authoried to sell to obtain money necessary to carry out the purpose of the will, is not required to look to the application of the purchase money.

4. Appeal and Error—Appellate Court Will Not Decide Question Not Presented by Pleadings Nor Passed Upon by Trial Court.—It would be improper for appellate court to undertake to dispose of a question not presented by the pleadings nor passed upon by the trial court.

E. B. BEARD for appellant.

GILBERT & PICKETT and R. F. MATTHEWS for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE— Affirming.

Emma G. Hocker died intestate in Shelby county, Kentucky. By her will she directed that her debts and funeral expenses be paid and devised to a granddaughter the sum of $1,000.00, and to the King's Daughters' Hospital, at Shelbyville, Kentucky, $500.00. The remainder of her estate was then disposed of thus:

"All the remainder of my estate I give to my beloved daughter, Sadie G. Walters. At her death to go to her children. If she should die leaving no children I direct that it shall go to the children of my brother, Ed Glass."

The will contained this language appointing an executor and conferring authority upon him:

"I hereby appoint C. L. Walters as executor of this my last will, and I desire said executor to make sale and conveyance of any real estate I may own necessary to carry out the purpose of this will, and to do all things necessary."

After the probate of the will C. L. Walters, named as its executor, qualified as such. On October 31, 1923, acting under the authority conferred by the will, the executor sold and conveyed to appellee, Agnes Ransdell, a lot in the city of Shelbyville, Kentucky, owned by testatrix at the time of her death, 60 by 227 feet in dimensions, with the dwelling house thereon, for $10,000.00 cash. Subsequently Agnes Ransdell and her husband conveyed out of that tract of land a lot 26½ by 101 feet in dimensions to appellee, G. Curtis Comb. The latter then undertook to borrow from a building and loan association sufficient money with which to erect a residence on the lot he had purchased; but the loan was declined upon the theory that the executor of Mrs. Hocker's will exceeded his authority in selling and conveying to Agnes Ransdell the tract of land above mentioned and that the title was not good. This procedeing was thereupon instituted under the provisions of the Declaratory Judgment Act, and Mrs. Ransdell and her husband and Mr. Combs and his wife were parties plaintiff, and C. L. Walters, executor of the will of Emma G. Hocker, Sadie G. Walters, her husband, C. L. Walters, Lyle Walters, Sadie Walters and Clifford Walters, the latter three being children of Sadie G. and C. L. Walters, all infants, were made parties defendant. A guardian *ad litem* was appointed for the infant defendants, who answered, and the issue as to whether the executor had authority to sell and convey and whether Mrs. Ransdell by deed from him acquired title in fee simple of the lot in question was raised by demurrrers and answers filed. Upon the trial below the chancellor adjudged that by the deed in question from Mrs. Hocker's executor to her, appellee, Agnes Ransdell, acquired the fee simple title of the lot in question, and the guardian *ad litem* prosecutes the appeal.

The word "desire" used by testatrix in the clause of her will appointing its executor and conferring authority upon him where it reads: "And I desire said executor to make sale and conveyance of any real estate I may own necessary to carry out the purpose of this will," can be assigned no meaning unless it be construed as if instead of it the word "empower" or "authorize" had been used by testatrix. It clearly was not used as a mere precatory word, but as used in connection with the other language quoted it clearly was intended to confer upon

her executor power or authority to sell and convey any real estate owned by her at her death necessary to carry out the purposes of her will.

The record herein establishes that when she died testatrix's personal estate was not sufficient to pay her debts and satisfy the specific devises made by her will. It became necessary to sell a portion of her real estate to carry out the mandates of her will, though it does appear that the house and lot sold brought more than enough for that purpose. The record herein, however, clearly establishes that appellee who purchased the house and lot and paid $10,000.00 for it was in utmost good faith and paid all that it was worth and probably more than now could be realized for it. There is no evidence tending to establish that she had any knowledge as to the amount of indebtedness owing by testatrix when she died or how much it would be necessary for the executor to raise by sale of her real estate to carry out the mandates of her will. As far back as 1830, the circumstances here obtaining seem to have been presented to this court and the principles of law relating thereto to have been settled and determined. In the case of Larue's Heirs, etc. v. Larue's Executor, 3 J. J. Marshall, 26 Ky., page 156, Larue's executors appear to have been authorized by the will to sell enough land to raise funds sufficient to pay testator's debts, and acting under that authority to have sold much more land than was necessary. In considering the question of validity or nonvalidity of the title of the purchasers who there as here were *bona fide* purchasers, it was said:

"The will of Larue gave them authority to sell for the purpose of paying debts. If they abused or transcended their authority they are responsible to the heirs or devisees; but *bona fide* purchasers from them or their vendees can not be affected, unless they have notice of the improper conduct of the executors. What debts Larue owed, or how much land it was necessary to sell to pay them, were matters of which executors should judge, and upon which, they alone, were competent to decide. The testator reposed confidence in them, and gave them authority to act, and thereby strangers were invited to entertain confidence. It would, therefore, be unjust to permit strangers, who purchased in good faith, to sustain

injury from the frauds of the executors. It was proper in court, under this view of the cause, to dismiss the bill, as to W. Campbell, Dickey, Buckhannon and Young.''

The principles there announced were followed in Buckner v. Buckner, Trustee, 185 Ky. 540, and additional authority in their support was there cited. The case now before us seems to fall clearly within that line of authority. Mrs. Ransdell, who purchased the lot in question from the executor, does not appear to have had any knowledge as to the amount of money necessary to be raised by the executor by sale of testatrix's real estate to pay her debts and satisfy the specific bequests made by her. She appears to have been a *bona fide* purchaser in the strictest sense of the word, and, under the principles announced in the opinions to which we have referred, by the deed in question, she acquired the fee simple title of the tract of land conveyed to her by Mrs. Hocker's executor. Under the provisions of section 4846, Kentucky Statutes, she was not required to look to the application of the purchase money.

By brief filed by the guardian *ad litem* the question is raised as to whether under the residuary clause in Mrs. Hocker's will her daughter, Sadie G. Walters, takes the fee simple title in the property thereby devised or merely an estate for life with remainder to her children. We find, however, that that question is not presented by the pleadings herein. The sole question presented by the pleadings is whether by the deed from the executor to Mrs. Ransdell she was vested with the fee simple title of the house and lot conveyed to her by Mrs. Hocker's executor, and it would be improper for the court to undertake to dispose of a question on the appeal not presented by the pleadings or passed upon by the trial court.

For the reasons indicated the judgment herein is affirmed.