# Carpenter's Administrator v. Demoisey et al.

(Decided February 24, 1931.)

ROUSE & PRICE, CHARLES STROTHER and JOHN J. HOWE for appellant.

JOHN L. VEST, O. M. ROGERS and D. E. CASTLEMAN for appellees.

OPINION OF THE COURT BY JUDGE WILLIS—Reversing.

This appeal is prosecuted by the administrator with the will annexed of the estate of Lucy A. Carpenter, from a decree of the court settling the accounts of the appellant as administrator.

Lucy A. Carpenter died May 1, 1922, and her will was admitted to probate the following September, at which time a personal representative was appointed. A suit was filed to obtain a construction of the will and to settle the estate. The circuit court held that Mrs. Carpenter died intestate as to a portion of her property and the judgment was affirmed by this court on November 21, 1924. Walton Bank & Trust Co. & C. v. Carpenter et al., 205 Ky. 629, 266 S. W. 358. Since the will did not dispose of the real estate, and its sale was not necessary to pay debts, a separate suit was filed for a partition of the land. In the partition suit an agreed order appointing a receiver to rent and to look after the land was signed by counsel and by the judge of the court in vacation, but by some oversight was omitted from the order book. Nevertheless the supposed receiver qualified and assumed to act as receiver. A report from the receiver was required by the court, and was filed in this record. It concerns this case only in a single particular. The receiver took a rent note from J. W. Doan for $400 which proved to be worthless, and the loss has been charged to the appellant. Wm. J. Carpenter, the surviving husband of Lucy A. Carpenter, renounced the will of his wife and elected to take under the statute. In July, 1924, he died intestate and Theodore Carpenter qualified as his personal representative and is a party to this action. Mrs. Carpenter had children by a prior marriage and the heirs of Wm. J. and Lucy A. Carpenter are not identical. This fact necessitates a separation of the estates and the settlement of accounts between them. The household goods and furniture, piano, and farming implements were taken charge

of by Theodore Carpenter as administrator, appraised, and disposed of as a part of that estate. The value of the property was $500 and the item was charged to the administrator of Lucy A. Carpenter upon the ground that the property belonged to her estate and not to the estate of her husband. The emblements of the land of Lucy Carpenter for the year of her death brought $1,577.50, of which the tenant received and retained one-half and the surviving husband got the other half. The administrator of Lucy A. Carpenter was charged with $788.75 for this item upon the ground that the growing crops were assets which the administrator was bound to reduce to possession and to account for to the estate. Kentucky Statutes Sec. 3862; Clore v. Clore, 215 Ky. 532, 284 S. W. 385. Wm. J. Carpenter continued in possession of the lands of his wife until his death in July, 1924, and her administrator was charged $520 for its omission to collect the value of the use and occupation of the lands for those years. It will be recalled that the decision of this court was announced in November, 1924, and until that time the administrator supposed it had authority to manage the land. The portion of the land that was rented to a tenant is not involved, as the rent for that year was collected and accounted for in a settlement. The other lands were left in charge of the surviving husband and no rent was realized from him.

The court charged the administrator with two-thirds of the rental value of the land for the years 1923 and 1924, and compelled it to account for $520 upon that score.

The administrator paid $541.23 to the Erlanger Bank upon a note and was held responsible to the estate therefor on the ground that the testatrix was merely a surety on the obligation and not legally liable therefor, since she was a married woman when she signed it. The court held the administrator liable to the estate as for interest upon several items. The present appeal involves the rulings mentioned and the adequacy of allowances made to the administrator for itself and for its attorneys. The administrator was allowed $400 for itself and $744.10 for the services and expenses of its counsel.

A preliminary question of practice is presented and must be determined in advance of a decision upon the merits. Soon after the settlement suit was filed, a refer-

ence to the master commissioner was made with directions to ascertain and report claims against the estate, and to audit and settle the accounts of the administrator. Several separate reports were filed. No exceptions were filed to any of them, except those submitted by the administrator to the charge against it for emblements. A re-reference was ordered covering the entire administration of the estate. The master reported the settlement filed with him by the administrator and the exceptions were addressed to these stated accounts, and not to the master's reports. They were entitled, however. "Exceptions to Report of Settlement." The practice was irregular, and the circuit court would have been justified in directing the regular procedure. Roberts' Ex'r v. Dale, 7 B. Mon. 199; Town of Highland Park v. Wilson, 186 Ky. 233, 216 S. W. 370. But none of the reports had been confirmed by the court, and the entire subject was still within its control. Briscoe's Distributees v. Brady, 6 T. B. Mon. 134; Adkisson v. Dent, 88 Ky. 628, 11 S. W. 950, 11 Ky. Law Rep. 85; Larimore v. West, 227 Ky. 306, 12 S. W. (2d) 856; Culver v. Lutz, 171 Ky. 690, 189 S. W. 240. The parties understood the exact items in controversy, and proceeded to a trial without objection. In that situation we are inclined to dispose of the case as it was practiced [cf. Rosa v. Nava, 235 Ky. 574, 31 S. W. (2d) 910], except where it involves such an elaborate analysis of complicated accounts, or raises such serious doubts, as to justify remanding the case for further preparation in accordance with the approved practice. Roberts v. Dale, supra; Connecticut F. Ins. Co. v. Union Mer. Co., 161 Ky. 718, 171 S. W. 407.

The questions presented here have been well briefed, are easily understood, and may be disposed of without any unreasonable or unnecessary burden on the court, and further delay would not be warranted. Cooper v. Williamson, 198 Ky. 62, 248 S. W. 245.

There was no basis for holding the administrator liable for any loss incurred by the supposed receiver. The administrator was not a party to the partition suit, and the attempted appointment of the receiver operated, at least, to make him an authorized agent of the parties to the partition suit, who consented to the terms of the agreed order. The attorneys for all parties to that suit signed the order, which was approved by the judge in vacation, and it constituted all the authority the receiver ever had. A receiver may be appointed by the court, or

by the judge thereof during vacation. Civil Code Practice, sec. 298. A receiver may act as such under an agreed order of the parties, and his sureties, in such case, are bound for his acts. Claflin v. Gibson, 51 S. W. 439, 21 Ky. Law Rep. 337. Certainly the receiver himself can be held to account to the parties entitled thereto for any funds that came into his hands as such receiver. The court should have required the receiver to pay over the sum of $432.43, which he held subject to the order of the court, instead of charging the amount to the appellant. If any loss was incurred by the supposed receiver in accepting the note of Doan, it was not chargeable to the administrator. The attorneys representing the administrator also represented other clients, and the advice they gave the receiver respecting his rights was given in good faith in the well-founded belief that the agreed order had been duly made and entered. The administrator was not required to plead to the response filed by the receiver to a rule against him, and no statement contained therein afforded any basis for a judgment against the administrator. Indeed, there is nothing to show that the so-called receiver was negligent in taking or failing to collect the note, or became liable therefor. The Doan note, upon the record, should not have been charged to the administrator

The items of $500 for the household goods, $788.75 for emblements, and $520 for the failure to collect rent for the realty from Wm. J. Carpenter for the years 1923 and 1924, may be considered together, since they are governed by the same principles. It may be assumed that the estate of Lucy A. Carpenter was entitled to collect these items, except in so far as the surviving husband may have been justified in retaining the portion thereof not needed to pay debts and belonging to him on final distribution. But it does not follow that the administrator of Lucy A. Carpenter should be held liable therefor. The administrator of Wm. J. Carpenter is a party to this record and is liable for the debts due from his decedent. The failure of the administrator to collect these items has not caused any loss, since it is not shown that the estate of Wm. J. Carpenter is insolvent or inadequate to account for what may be due the estate of Lucy A. Carpenter.

The administrator is liable for any loss to the estate resulting from its negligent failure of duty (May v. Walter, 149 Ky. 749, 149 S. W. 1014), but the situation pre-

sented in this case called for no such remedy. If the court had followed its order by another one compelling the administrator of Wm. J. Carpenter to pay like sums to the appellant, no harm would have been done. But to require the administrator of Lucy A. Carpenter, for the benefit of her heirs, to pay debts due from the estate of Wm. J. Carpenter, operated to enrich the heirs at the expense of the administrator, resulting in a manifest injustice. None of these items should have been charged to the appellant, but to the party from whom they were due.

The item of $541.23 paid the Erlanger Bank was charged to the administrator on the theory that Lucy A. Carpenter was a surety for R. W. Carpenter on the note and being a married woman was not bound thereby. This court, on the former appeal, referred to the provisions of the will of Mrs. Carpenter charging her sons with the amount advanced in that form and stated (205 Ky. page 634, 266 S. W. 358, 360):

> "Ben and Wood should be required to account to the estate for the money borrowed from the testatrix." In her will Mrs. Carpenter had written: "I am on Ben's notes, but I have to sign first as they wont take me as security and I am on Wood's note all so far only $400.00, and had to sign first as they wont take me as security. . . . I have not got Ben's nor Wood's notes, but they know full well and wont deny that they owe me every dollar."

There was testimony that Mrs. Carpenter borrowed the money upon her credit for the accommodation of her sons, that it was put in her account, and lent by her to them. It is argued that she was not liable under the circumstances, and that her personal representative should be denied credit for paying the debt. Ample ground appears for holding that she was liable (Scott v. First National Bank, 221 Ky. 297, 298 S. W. 949), but it is not necessary to determine that question. The administrator was not a volunteer in paying the note, and it should be credited with the amount of the payment, and R. W. Carpenter charged therewith as directed by the opinion of this court on the former appeal. The will made it plain that Mrs. Carpenter had lent the money to her sons and she desired them to account for it in the settlement of her estate. This court so construed the will, and it

is not now material to inquire as to the original relation of the parties to the transaction at the bank.

The administrator was held liable for interest on certain items with which it was charged. Mrs. Carpenter had executed notes to obtain money for Ben Carpenter, referred to in the preceding paragraph of this opinion, and the administrator made payments upon these notes. It was held liable for interest thereon from the date of the payments.

The payments were proper, as we have seen in disposing of the R. W. Carpenter transaction, and the administrator was not to be charged with interest thereon.

It is argued that the administrator was liable for interest on the balances in its hands after the lapse of two years. Section 3859, Ky. Stats.; Howe v. Winn, 150 Ky. 667, 150 S. W. 842. The appellant insists that it was excused from liability for interest on the biennial balances, because the settlement was involved in litigation and the money was held subject to the order of the court. Adams v. Bement, 96 Ky. 334, 29 S. W. 22, 16 Ky. Law Rep. 676. But that question need not be decided, since no charge of that character appears to have been made. The improper charge that was made for interest on the payments upon the Ben Carpenter notes may not be justified by showing that interest might have been chargeable on some other items.

The question whether the appellant incurred liability by delaying unreasonably the settlement of the estate (11 R. C. L. Sec. 156, p. 147; Bemiss v. Widows' & Orphans' Home, 191 Ky. 316, 230 S. W. 310) was not presented or passed upon by the lower court, and may not, for the first time, be raised in this court (Walters' Guardian v. Ransdell, 218 Ky. 267, 291 S. W. 399).

The amount of receipts and disbursements made by the administrator aggregated $18,136.66, and it asked an allowance of 5 per cent. thereon, the full amount authorized by section 3883, Kentucky Statutes. The court refused to allow the full commission and fixed the administrator's compensation at $400. Appellees seek to justify the action upon the grounds: (a) That the discretion of the court was not abused. Armstrong v. McFarland's Adm'r, 187 Ky. 185, 218 S. W. 1012. (b) That the appellant was guilty of laches in administering and distributing the estate. 11 R. C. L. Sec. 255, p. 229. And (c) that an extra expense for counsel was incurred which must

be borne by the estate, and which affects the amount to be allowed the administrator. Pennabaker v. Williams, 136 Ky. 120, 120 S. W. 321, 123 S. W. 672; Evans v. McVey, 172 Ky. 1, 188 S. W. 1075; Strattor v. Wilson, 170 Ky. 61, 185 S. W. 522, Ann. Cas. 1918 B, 917. The court allowed in this instance for the expense and compensation of counsel the sum of $744.10 and which, together with the allowance of commission to the administrator, exceeded the 5 per cent. fixed by the statute. It is obvious that the counsel was necessary, and the authorities cited sustain the right to make an allowance to the administrator, in addition to its own compensation, to cover reasonable and necessary counsel fees.

There is no reason apparent in this case for denying to the administrator the commission authorized by law. Evans v. McVey, 172 Ky. 1, 188 S. W. 1075.

The trial court labored under the impression that the administrator had been lacking in diligence and held it liable for a number of charges which we have seen was not warranted by the facts appearing in the record. The full commission of 5 per cent. on the receipts and disbursements should be allowed the appellant. In regard to the amount allowed for expense and fees of counsel, the record shows that much litigation has attended the administration of the estate. We have no testimony or affidavits as to the amount actually expended for counsel fees. The administrator was entitled to employ competent counsel and to pay reasonable compensation for their services (Bohn v. Bohn's Guardian, 229 Ky. 608, 17 S. W. (2d) 712), although it must be measured as though the work was done by one attorney (Miller v. Keown, 176 Ky. 117, 195 S. W. 430). The factors to be considered in disposing of a question of this character are fully covered by the reported cases. Axton v. Vance, 207 Ky. 580, 269 S. W. 534; Robbins v. Jones, 211 Ky. 211, 277 S. W. 333; Daly v. Power, 236 Ky. 426, 33 S. W. (2d) 305.

Enough is apparent on this record to raise grave doubts as to the sufficiency of the allowance for counsel fees. But there should be a motion for a definite sum, and the facts affecting the amount to be allowed should be adduced. We have concluded, in view of the state of the record, to reverse the judgment, and remand the case to the circuit court for a further hearing to determine what amount, under the circumstances, would constitute a reasonable and fair recompense to counsel for the serv-

636

ices rendered the personal representative in administering the estate.

Judgment reversed, for proceedings not inconsistent with this opinion.