JUDGE PETERS
delivered the opinion op the court:
This litigation results from two apparently irreconcilable or conflicting clauses of the will of John Howard, deceased, which read as follows:
1st. “I will that my daughter, Laura Mattingly, and her children, have my home farm at twenty-five dollars per acre; they to pay my other heirs the amount necessary to make them equal, share and share, in my estate, after deducting the amount each heir has already received, for which I hold their notes.”
2d. “ I will to my beloved wife, Charity Howard, one third of my whole estate of which I die possessed.”
The court below adjudged that the widow, Mrs. Charity Howard, after the payment of the debts of testator, and of the specific legacies to Hutchins and the Monks, was entitled to the one third of the personal estate absolutely, and to the one third in value of the real estate for life of which the testator died possessed ; that Laura Mattingly and her children are entitled to the home farm, including the one third thereof adjudged to the widow for life, &c. The residue of the judgment need not be recited, as the widow alone complains of it, and the part recited is all that affects her interest.
*496 Mrs. Howard, the appellant, insists that she is entitled, under the will of her husband, to one third of his real estate in fee.
There is certainly ambiguity in the second and last clauses of the will of John Howard, herein quoted, and they are in conflict; for Mrs. Mattingly and her children cannot have the whole of the home farm of the testator and his widow the one third of his estate.
As a solution of the difficulty, the circuit judge construes the devise to the widow as giving to her only a life estate in one third of the land.
If the English rule of construing such devises had not been changed by legislative enactment, the construction of the circuit judge would have been proper for a devise of real estate to A, without adding words of inheritance, such as to A “forever,” or to A and his heirs; the devise was construed as intending to pass to the devisee an estate for life only. But that rule of construction is changed by a statute of this State, which provides that every estate in land, created by deed or will, without words of inheritance, shall be deemed a fee simple, or such estate as the grantor or testator had power to dispose of, if a less estate be not limited by express words', or by necessary inference. (Sec. 7, chap. 80, 2d vol. Rev. Stat., p. 227.)
The power of the testator to pasé a fee simple estate in the land is not questioned. There are no express words of limitation of the devise to the widow, and, consequently, she must take a fee simple estate in the one third of the lands of the testator, unless there be something in the will from which it must be necessarily inferred that he intended that she should take a less estate.
The only thing relied upon is the devise in the second clause of the home farm to Mrs. Mattingly and her chil *497 dren at the price of twenty-five dollars per acre. If full effect is given to that clause, according to the strict import of the words, the widow could get no part of that tract of land; for the language is very broad, comprehending the whole estate therein, by paying the price fixed on it by the testator, that price being the same for every acre. No inference can be drawn from that part of the will that the testator intended to limit his wife to a life estate in one third of the land.
The established rules of construction, where different clauses of a will are conflicting, must be resorted to, to solve the difficulty, viz : Where two clauses of a will or two devises in a will are repugnant, and cannot stand together, the clause or devise which is posterior in local position must prevail, the subsequent words being regarded as denoting a change of intention of the testator from that previously expressed. (Jarman on Wills, 394, top page; Hunt vs. Johnson, &c., 10 B. Mon., 342.)
This well established rule of construction furnishes the safest guide to a satisfactory conclusion of the testator’s intention, otherwise irreconcilable.
Wherefore, the judgment is reversed, and the cause is remanded, with direction to render judgment for appellant for one third of the real estate of said John Howard, deceased, in fee; and that Mrs. Mattingly and her children have the two thirds of the “ home farm ” of said testator, for which they must pay twenty-five dollars per acre, and for further proceedings not inconsistent herewith.