CASE 82.—SUIT BY R. O. DEPPEN AGAINST HENRIETTA DEPPEN'S TRUSTEE AND OTHERS, FOR A CON-STRUCTION OF THE WILL OF HENRIETT^ DEPPEN, DECEASED.—March 12, 1909.

## Deppen's Trustee v. Deppen

Appeal from Jefferson Circuit Court; (Chancery Branch, First Division.)

SHACKELFORD MILLER, Judge.

From the judgment defendants appeal—Affirmed.

1. Wills—Construction—Inconsistent Devises.—Where there are two inconsistent devises in the same will, the latter prevails.
2. Wills—Construction—Inconsistent Wills.—Where there art two inconsistent wills, or a will and a codicil, of different dates, the last will or codicil prevails, though the provisions of each as far as practicable must be given effect.
2. Wills—Construction—Inconsistent Wills.—Where there are two tor is presumed to intend to dispose of his entire estate, and, though he may make a mistake in his estimate of the value of his estate, that is not of itself a ground for setting aside his will or disregarding his intention; and, where there is a general description showing that testator intended to dispose of his entire estate, words of quantity or value will not control.
4. Wills — Construction—Equality of Devisees.—Where the language of a will is susceptible of two constructions, the court will adopt that construction which will make the devisees equal.
5. Wills—Construction—Intention of Testator.—Where two instru-

ments bearing different dates were admitted to probate, the court, in ascertaining the intention of the testator, must consider both, whether they are treated as wills or the last instrument is treated as a codicil.

6. Wills—Construction—Estates Devised.—Testatrix by her will made equal distribution of her estate between a daughter and a son, placing in the hands of a trustee the share of the son, and providing that he should be paid only the income, and directing what disposition should be made of the trust estate after his death. A codicil recited that the estate of testatrix was $10,000, and that it was her desire that her daughter and son should equally receive a half thereof, and named $5,000, to which each was entitled. Her property consisted of bonds, stocks, and other securities fluctuating in value, and their value exceeded the value specified in the codicil. Held, that testatrix intended to dispose of her entire estate, and the daughter and son each took one-half thereof absolutely.

7. Wills—Revocation.—A will or codocil may operate as a revocaation, or of an inconsistent disposition of the previously devised property.

8. Wills—Construction—Actions—Estoppel.—Where a beneficiary in a will, on being advised of his rights, speedily took steps to assert them, and his acquiescence in the construction of the will adopted by the executor was but temporary, he was not estopped from insisting on a judicial construction of the will.

GREGORY and McHENRY for appellants.

POINTS AND AUTHORITIES.

1. A codicil or subsequent will leaves original will in full force, except as modified by the subsequent instrument. (Page on Wills, sec. 269; Bedford, &c. v. Bedford's Admr., 99 Ky. 275; Gordon v. Whitlock, &c., 24 S. E. 342; Muller, &c. v. Muller, &c., 24 Ky. Law Rep. 207; Am. & Eng. Ency. of Law, vol. 30; Driggs v. Plunkett, 105 S. W. 976; Deskins v. Williamson, 106 S. W. 258; Wood v. Wood, 106 S. W. 226; Newcomb v. Fidelity Trust Co., 108 S. W. 911; Thomas v. Thomas, 110 S W. 853.)

2. A life estate created by will is not converted into a fee or other greater estate by inference or implication.

3. Where meaning of instrument is ambiguous or uncertain the construction placed upon it by the parties is controlling. (Vol. 17, p. 23, Am. & Eng. Ency. of Law, 2 Ed.)

Deppen's Trustee, &c. v. Deppen.

4. A fiduciary acting in good faith is entitled to costs and attorney's fees in all cases. (Clark and. Wife v. Anderson, 13 Bush 111.)

· BOLDRICK & GOCHE and McDERMOTT & RAY, for appellee.

## POINTS AND AUTHORITIES.

1. The polar star for construing wills is to arrive at the intention of testator, if consistent with the rules at law.

2. Where the same language is used as to each devisee then the courts must construe the language in the same way. In this will the same words exactly being used as to each devisee, each must receive the same.

3. Where the language used is susceptible of two constructions, one of which would secure fairness and equality and the other an unequal distribution the courts will follow that construction which would place the devisees on a plane of equality. (Thomas Heirs v. Thomas, 110 S. W. 853; 33 Ky. Law Rep. 700.)

4. If there are two repugnant clauses which cannot be reconciled, the latter must previal. (Howard v. Howard, 4 Bush 494, citing Hunt v. Johnson, 10 B. Mon. 342.)  .

5. If there be a codicil or a subsequent will this rule is almost conclusive. (Jarman on Wills, vol. 1, pp. 339-340.)

6. Words of quantity following a general description such as "my estate," do not control. (Floyd v. Thomas, 1 A. K. Mar. 72; Jennings v. Monk, 4 Met. 93; Cundiff v. Seaton, 20 Ky. Law Rep. 1271; Jones v. Robbins, 78 N. C. 396.)

. 7. But this question has been settled in Kentucky in an identical case and has been the law for ninety years. (Lewis' Heirs v. Singleton's Heirs, I A. K. Mar. 523.)

8. When a particular expression in a will has received a definite meaning by express adjudications, that meaning ought to be adhered to, for the sake of uniformity, and of. security in the disposition of landed property. (Kent's Commentaries, vol. 4, page 540.)

9. This being merely a contest between two devisees and the trustee being only a stakeholder, and one devisee having employed the lawyer to make the contest which is solely for her benefit,— she must pay her attorney's fee. (Urey v. Urey, 86 Ky. 354; Fristor v. Gillen, 36 Ky. Law Rep. 149.)

OPINION OF THE COURT BY CHIEF JUSTICE SETTLE—
Affirming.

Henrietta Deppen, a resident of the city of Louis-
ville, died in that city in the early part of the year
1906, leaving two written instruments, which together
disposed of her entire estate. The first reads as
follows:

"I, Henrietta Deppen, of Louisville, Ky., being of
lawful age and sound mind and memory, do make and
declare this to be my last will and testament.

"First: I direct my executor hereinafter named, to
pay all my just debts and funeral expenses as soon
after my death as convenient.

"Second: I do not make any provision for my son,
Ferdinand W. Brinkman, now known as 'Brother
Ferdinand,' who is a member of St. Zavier and
Brothers at Baltimore, Maryland. I do this for the
reason that he is well provided for.

Third: All the balance of my estate, real, personal
and mixed, I desire to be divided into equal parts one
of which shall be the absolute property of my daugh-
ter, Matilda R. Dougherty. The other portions to
be held by the Fidelity Trust and Safety Vault Com-
pany, and the net income therefrom shall be paid by
said company to my son, Rudolph O. Deppen, during
his life and in the event that Annie B. C. Deppen,
wife of R. O. Deppen, should survive him, I give her
one thousand ($1,000.00) dollars, to be hers abso-
lutely, and the remainder I give and devise to my
daughter, Matilda R. Dougherty absolutely, if she is
then living. If the said Matilda R. Dougherty is not

then living, said sum shall be paid to her descendants in equal parts.

"Fourth: I appoint the Fidelity Trust and Safety Vault Company and my son-in-law, William B. Dougherty, executors of this will and request that no security be required on the bond to be given by my son-in-law as such executor."

The second was written wholly by the testatrix in German, her native language. Correctly translated into English it reads as follows: "My estate is 10,000 dollars. It is my desire that at my death my daughter, Matilda Dougherty, and my son, Rudolph Deppen, equally receive half this sum. That is the only wish of their mother, that my daughter Matilda Dougherty and my son, Rudolph Deppen, equally receive $5,000.00; Matilda Dougherty $5,000.00 and my son Rudolph Deppen $5,000. Their mother Henrietta Deppen."

Both instruments were admitted to probate by an order of the Jefferson county court as the wills or the will and codicil of the testatrix, and the Fidelity Trust Company and W. B. Dougherty appointed by the will as the executors thereof duly qualified as such, and immediately took charge of the estate left by the testatrix, which consisted of stocks, bonds, and other personalty, of the value of $16,000. Later the executors made in the Jefferson county court a settlement of their accounts, which shows that, after the payment of all debts owing by the testatrix and costs of administration, there was left in the hands of the executors the sum of $15,175.64, and that they paid one-half thereof, viz., $7,587.82, to Matilda Dougherty, a daughter of the testatrix and one of the devisees under the will, $5,000 to Rudolph, a

son of the testatrix and also a devisee under the will, and the remainder, amounting to $2,587.82, the executors paid to the Fidelity Trust Company, as trustee for Rudolph O. Deppen, with the avowed purpose on their and its part of applying the net annual income arising therefrom to the use of Rudolph O. Deppen during his life and the principal at his death to Matilda Dougherty, if living, or, if not, to her descendants in equal parts, as provided by the third clause of the testatrix's will. Annie Deppen, wife of Rudolph O. Deppen, to whom the same clause of the will directed the payment of $1,000 if she survived her husband, is dead. Mrs. Dougherty is the mother of three children, all of whom are infants; the oldest being 18 and the youngest 13 years of age. Being dissatisfied with the disposition made by the executors of his mother's estate and insisting that the codicil or last will gave him absolutely one-half thereof, and revoked so much of the third clause of the first will as limited his interest, as to any part of the property devised, to the enjoyment of the net income for life, Rudolph O. Deppen brought this action in the court below to obtain a construction of the will or wills and recover of the executors and the Fidelity Trust Company, as trustee, the $2,587.82 paid to or retained by it under the authority claimed to have been conferred by the third clause of the will. The executors, trustee, Matilda Dougherty, and her three infant children were made parties to the action, and duly summoned as defendants. W. B. Dougherty, one of the executors of the will, being the father and statutory guardian of the infant defendants, was also made a defendant and summoned as such guardian. The executors filed a general

demurrer to the petition, which was overruled. They then filed an answer controverting the construction placed upon the will by the averments of the petition, and resisting the recovery sought, and, while admitting that the executors had disposed of the estate of the testatrix as in the petition charged, it was, in substance, alleged in the answer that such disposition of the estate accorded with the intention of the testatrix and complied with the provisions of the wills. The court sustained a demurrer to the answer, and, the executors refusing to plead further, judgment was rendered construing the will as insisted by the petition, declaring Rudolph O. Deppen entitled absolutely to one-half of the estate devised, and directing the executors to pay him the $2,587.82 held by the Fidelity Trust Company, subject to certain credits for costs, etc., set out in the judgment. The executors, Mrs. Dougherty, the infants, and their statutory guardian all complain of the judgment, and by this appeal seek its reversal.

The only question presented by the appeal is one of construction. In construing a will the great object to be attained is the ascertainment of the testator's intention, in arriving at which every part of the instrument should be given its natural and legitimate meaning. Whether the last instrument executed by Mrs. Deppen be called a will or codicil, it contains no express words of revocation; but, if we say each paper is a will, the rule of construction seems to be that the will last executed acts as a revocation of everything in the earlier will inconsistent with its provisions. 1 Jarman on Wills, pp. 339, 340. Equally well recognized is the rule that, where there are two inconsistent devises in the same will, the

later one will prevail. Greater is the reason for the
rule where there are two wills, or a will and codicil,
of different dates. Hunt v. Johnson, 10 B. Mon. 342;
Howard v. Howard, 4 Bush, 494; 30 Am. & Eng.
Ency. of Law, 624-685. Another cardinal rule of
construction is that in making a will the testator is
presumed to intend to dispose of his entire estate,
and, though he may make a mistake in his estimate
of the extent or value of his estate, that is not of
itself a ground for setting aside his will or disre-
garding his intention. It frequently occurs that
devises cannot be paid in full, and where the testa-
tor's estate is in stocks, or other securities, he is
quite liable to mistake its value. We may safely say
that, where there is a general description showing
that the testator intended to dispose of his entire
estate, words of quantity or value will not control.
Lewis' Heirs v. Singleton, 1 A. K. Marsh. 525;
Trusty v. Trusty, 59 S. W. 1094, 22 Ky. Law Rep.
1127; Mayes v. Karn, 115 Ky. 264, 72 S. W. 1111.
There is yet another rule of construction too im-
portant to be overlooked, namely, where the language
of a will is susceptible of two constructions, the court
will adopt that construction which · will make the
devisees equal. Munday v. Broaddus, 40 S. W. 926,
19 Ky. Law Rep. 441; Hunt v. Johnson, 10 B. Mon.
342; Thomas' Ex'x v. Thomas, 110 S. W. 853, 33 Ky.
Law Rep. 700.

Under the guidance of the foregoing several rules
of construction, we have no hesitancy in expressing
our approval of the construction given the will under
consideration by the circuit court. Both instruments
having been admitted to probate, and no appeal
having been taken from the judgment probating

either, whether treated as two wills or the last as a
codicil to the first, both are to be considered in en-
deavoring to ascertain the intention of the testator.
If the provisions of the later instrument conflict
with or are repugnant to the provisions of the first,
the rules of construction require that those of the
instrument last executed shall prevail, but the pro-
visions of each should, as far as practicable, be given
such effect as the testatrix intended them to have.  By
the first instrument the testatrix directed the pay-
ment of her debts, appointed executors, and made
equal distribution of her estate between her two chil-
dren, placing in the hands of a trustee the share of
the son, providing that he should be paid only the
net income therefrom by the trustee, and directing
what disposition should be made of the trust estate
after the son's death.  It also explained why the
testatrix gave nothing to a son by her first marriage.
The second instrument was not written without a
purpose, and it is evident that it was not intended
to wholly revoke the first for it does not so declare.
What then was its object?  In our opinion it was
intended and should be treated as a codicil to the
original instrument or will, and, if so, the question
arises: Is it in any respect repugnant to the will?
Obviously it is inconsistent with the third clause
thereof.  As already stated, the third clause of the
will provided the estate of the testatrix should go to
her son and daughter equally—that is, a half to each
—but the son was given only a life estate in his half,
which was to be held in trust and the net income paid
him by a trustee of the testatrix's appointment,
whereas, the same clause gave the daughter one-half
of the testatrix's estate absolutely.  The codicil made

Deppen's. Trustee, &c. v. Deppen.

no change in the share or portion to go to each child. On the contrary, it expressly declares and repeats that each child shall "equally receive" of her estate, and names the sum to which each will be entitled; the amount so named being half the estimated value she then placed upon her estate. The codicil imposes no limitation or restriction upon the bequest to the son. He takes absolutely what the will bequeathes him, as does the daughter what is bequeathed her. The codicil is also silent as to a trust or trustee. So in that respect, as well as in•the character of the estate it vests in Rudolph O. Deppen, the codicil is so inconsistent with and repugnant to the third clause of the will as to make it reasonably apparent that the testatrix intended by the codicil to revoke so much of the third clause of the will as limited to a life estate the devise or bequest therein made Rudolph O. Deppen, and placed it in trust. A duly executed will or codicil may operate as a revocation of a prior testamentary instrument by reason of an express clause of revocation, or of an inconsistent disposition of the previously devised property. 30 Am. & Eng. Ency. of Law, 624; Howard v. Howard, 4 Bush, 494; 1 Jarman on Wills (5th Ed.) p. 339.

We cannot better express our meaning than by quoting in this connection the brief, yet forceful, opinion delivered by the learned judge of the court below, in overruling the demurrer to the petition: "It seems plain that the testatrix's object in making the codicil in 1905 was to treat her son and daughter alike by giving them equal shares of her estate. She specifically says that each is to receive $5,000 of her estate, which she erroneously supposed to be $10,000. Any limitation should apply equally to both legacies; but

none was intended. If the estate had amounted to
only $8,000, it would hardly be claimed that any limi-
tation applied to either share." The executors of the
will had no greater reason to assume that the object
of the codicil was to leave in the hands of a trustee,
$2,587.82 of the legacy going to R. O. Deppen than
that $5,000 thereof or the whole of his part of the
estate should be taken in carge by the trustee. If
the language of the codicil was sufficient to exempt
$5,000 of his share from the trust created by the
third clause of the will, it was equally so to exempt
the whole of it. We think it plain that the testatrix,
after executing the will, came to the conclusion that
she wished to treat her children exactly alike and
make them equal in all respects; hence four years
later and within a few months of her death she mani-
fested this mother love of fairness and equality by
writing in her own hand, in the language of her
native land, the codicil which in meaning and effect
placed her children on the same footing. Where a
will and codicil are irreconcilable, the codicil, as the
last intention of the testator, must prevail.

We attach little importance to the estimate fixed
by the codicil upon the value of the testatrix's estate.
That she was mistaken in placing it at $10,000 is
clear, for it turned out to be worth $16,000; but the
mistake was a natural one under the circumstances.
As her property consisted of bonds, stocks, and other
securities, which vary in price with the laws of supply
and demand or fluctuate in value with the fullness
or stringency of the money market, it is not sur-
prising that the owner of them, especially a woman,
would be unable offhand to even closely approximate
their value. Indeed, it is probable that she did not

know their value. Therefore the fact that Mrs. Deppen missed the value of hers in the estimate made in the codicil does not invalidate the will or codicil, or show a purpose on her part to die intestate as to a part of her estate. Lewis' Heirs, v. Singleton, 1 A. K. Marsh. 525. She evidently intended to dispose of her entire estate, whatever may have been her estimate of its value; for as said in 30 Am. & Eng. Ency. of Law, 668: ''The natural and reasonable presumption is that, when so solemn and important an instrument as a will is executed, the testator intends to dispose of his whole estate, and does not intend to die intestate as to any part of his property, which presumption is overcome only where the intention of the testator to do otherwise is plain and unambiguous, or is necessarily implied.'' Waters v. Waters, 28 S. W. 958, 16 Ky. Law Rep. 429; Trusty v. Trusty, 59 S. W. 1094, 22 Ky. Law Rep. 1127; Mayes v. Karn, 115 Ky. 264, 72 S. W. 1111.

We find little force in appellant's contention that the construction given Mrs. Deppen's will by the executors was acquiesced in by appellee. At most, the alleged acquiescence was but temporary, for, when advised of his rights, appellee speedily took steps to assert them, and was not estopped to do so because he did not at once resist the retention by the Fidelity Trust Company of a part of the legacy bequeathed him by the codicil of his mother's will under the supposed trust created by the third clause thereof, or by his acceptance from it of a part of the income thereof, or the settlement of the estate made by the executors.

Finding no reason for disturbing the judgment of the circuit court, it is hereby affirmed.