# Walton Bank and Trust Company v. Carpenter, et al.

(Decided November 21, 1924.)

## Appeal from Boone Circuit Court.

1. Wills—Testator Presumed to have Disposed of Entire Estate Unless Express Language Precludes such Construction.—A testator is presumed, unless the express language of the will precludes such a construction, to have disposed of his entire estate by his will.

2. Wills—Will Construed Not to Dispose of Entire Estate.—Will held not to dispose of entire estate, but merely to provide for paymene of legacies to certain children, to make record of indebtedness of two children and to permit the residue to pass by descent to her children when made equal by the legacies mentioned.

S. D. ROUSE, CHAS. STROTHER and DICKERSON & DICKERSON for appellant.

O. M. ROGERS for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON—
Affirming.

Lucy J. Carpenter made her last will on February 2, 1920, and died May 1, 1922, survived by her husband, Willie Carpenter, and eight children.    She had been twice married, each time to a husband named Carpenter. By her first marriage she had three children named Ben, Wood and Johnnie, the latter being a daughter.    All three of these older children were married and living away from the parental home at the time of the making of the will.    Her children by her second husband were Alice, Rowena, Ralph, Claude, Ruby and Blanche. After the making of the will Rowena died childless and intestate.

This action was commenced by the bank, as administrator of Mrs. Carpenter, praying that the accounts of the administrator be fully and completely settled in accordance with the construction of the will, and praying for a construction of the will, and that the cause be referred to the master commissioner to make a full and final settlement of the accounts, and that the master commissioner ascertain the amount in advancements made by testatrix to her children and the amount to be charged

to each of them, the amount of indebtedness of the children to testatrix, with a final prayer that the chancellor advise the administrator concerning its duties in the premises and for all proper relief. The will was holographic, and reads:

"At Home, Feb. 2nd, 1920.

"I this day am alone with not anyone to dictate or to influence me. Ben, Wood and Johnnie my three oldest children have had $500.00 five hundred dollars apiece paid to them, & I want my 6 youngest to have the same. & Ben owes me $5,000.00 which must be deducked from his part. & I furnished Wood $1,000.00 one thousand as alimony to furnish in a settlement with the lawyers in his divorce suit, & he oes me $3,000.00 three thousand money that I have paid for him in Bank & rent for him in Walton all amounting to good $4,000.00. And I have not paid anything to Johnnie, so except the $500.00, she comes in with the rest. But I want $150.00 for Alice, $25.00 for Rowena, $50.00 for Ralph, $50.00 for Claude, $100.00 for Rubye and $125.00 for Blanche. Now this i think they deserve for deeds of kindness. Now I hope this will be carried out, I am on Ben's notes, but I have to sign first as they wont take me as security & I am on Woods note all so far only $400.00, and had to sign fust as they wont take me as security. give Willia $10.00 as he has been well remembered before. I paid $6,000.00 in full for this 120 acres, and I paid for 30 or 35 across the pike from Uncle Gaines Robinson, I have no debts as I know & no notes in bank I have not got Bens nor Woods notes, but they know full well & wont deny that they oe me every dollar, I will ask them for the note if I get well and see them this is my will wrote and dictated by me this Feb. 2nd, 1920.

"LUCY A. CARPENTER."

After setting out the will, the petition avers:

"Plaintiff says there is a contention amongst the heirs and devisees of Lucy A. Carpenter, deceased, as to the import and meaning of said will, and this plaintiff is unwilling to take the risk of construing same, and is unable to construe it in such a

manner as to protect it in the execution of said will, and so as to administer said estate, and seeks and is entitled to the advice and instruction of the court therein.''

All facts with respect to the property owned by Lucy A. Carpenter at the time of her death are set forth in the petition. It also contains averments as to the amount of advancement made to each child and all other facts necessary to enable the court to properly construe the will and to determine the rights of the several parties. No demurrer or answer was filed to the petition. It is the only pleading in the record. The parties agree that the petition correctly set forth the character and extent of the estate of the decedent as well as the names of all her next of kin and heirs at law, and thus dispenses with necessity for proof. When the matter was submitted to the court, judgment was entered holding that the testatrix by her will did not intend to and did not in fact dispose of her entire estate but devised to her five younger children, to-wit, Alice, Ralph, Claude, Ruby and Blanche, the sixth child, Rowena, having died before her mother, the sum of five hundred dollars each, to equalize them in the matter of advancement with the three older children, and in addition to the foregoing she devised to Alice one hundred and fifty dollars, to Ralph fifty dollars, to Claude fifty dollars, to Rubye one hundred dollars, and one hundred and twenty-five dollars to Blanche, as special bequests for deeds of kindness. She also directs that her son, Ben, shall account to her estate by having deducted from his distributable portion an indebtedness owing her of five thousand dollars, and her son Wood shall account to her estate by having same deducted from his distributable portion an indebtedness owing her of four thousand dollars—one thousand of which was on account of funds she had furnished to settle a divorce proceeding against him and for rent at Walton.

She devised to Willie Carpenter, her husband, the sum of ten dollars, ''as he has been well remembered before.''

It is further adjudged that the intent of the testatrix was to equalize her children in the matter of advancements, to provide payment for the specific bequests hereinbefore mentioned and to provide in the distribution of the estate for the payment by her sons, Ben and Wood,

of the indebtedness owing by them to her. It was adjudged that Ben, Wood and Johnnie take no part of testatrix's estate under the provisions of the will.

As to all the residue of her estate she died intestate and the same be distributed in accordance with the statutes covering the distribution of the estates of intestates.

The testamentary paper does not display any great scholastic attainments in the ordinary sense of the word, but it does display a great deal of forethought, prudence and good common sense. Upon the whole it very tersely and concisely expresses the intention of the testatrix. It is plain and unambiguous. The sentence, "Ben, Woods and Johnnie my three oldest children, have had $500.00 apiece paid to them, and I want my six youngest to have the same," cannot be misunderstood. The younger children living at the time of the trial are entitled to $500.00 each, to make them equal with the three older members of the family to whom she had given, in her lifetime, $500.00 each. The next sentence is a recital of facts and not testamentary in its nature. "Ben oes me $500 which must be deducked from his part & I furnished Woods $1,000 as alimony to furnish in a settlement with the lawyers in his divorce suit, & and he oes me $3,000 (three thousand) money that I have paid for him in Bank and rent for him in Walton all amounting to good $4,000." She then adds, "I have not paid anything to Johnnie, so except the $500 (advancements had by her) she comes in with the rest." That also is a mere recital. The next sentence contains several specific bequests and reads: "But I want $150.00 for Alice, $25.00 for Rowena, $50.00 for Ralph, $50.00 for Claud, $100.00 for Rubye and $125.00 for Blanche. Now this I think they deserve for deeds of kindness. Now I hope this will be carried out." The next sentence is a recital of facts and not testamentary in its nature, and reads: "I am on Ben's notes, but I have to sign fust as they wont take me a security & I am on Woods note all so for only $400.00, and had to sign fust as they wont take me as security." The next sentence is a bequest of $10.00 to her husband, reading: "Give Willie $10.00 as he has been well remembered before. I paid $6,000 in full for this 120 acres and I paid for 30 or 35 across the pike from uncle Gaines Robinson." The statement in the last recital to the effect that her husband "has been well remembered be-

fore'' is explained by the averments of the petition to the effect that the testatrix had bought a farm of 120 acres, where they lived, and paid $6,000.00 for it out of her own means, and had also bought 30 or 35 acres across the pike from uncle Gaines Robinson and had the two pieces of property deeded to herself and husband jointly, thus giving him one-half undivided interest in the lands. The husband had been well remembered before. The next sentence is a declaration that she owes no debts, expressed in the simplest words, ''I have no debts as I know and no notes in bank.'' Then reverting to the indebtedness of her sons to her she says: ''I have not got Bens nor Woods notes but they know full well and wont deny that they owe me every dollar. I will ask them for the note if I get well and and see them.''

Appellant bank as administrator insists that the court erred in its judgment in holding that the will did not dispose of all the estate, but we think this contention is untenable. We are familiar with the rule to the effect that a testator is presumed, unless the express language of the will precludes such a construction, to have disposed of his entire estate by his will, and here not only is there nothing in conflict with such a construction, but, on the contrary, the language of the instrument itself leaves no other conclusion possible. Trusty v. Trusty, 22 Ky. L. R. 1127; Deppen's Trustee v. Deppen, 132 Ky. 755, at page 762; Phelps v. Stoner's Admr., 184 Ky. 466; Fickel v. O'Brien, 231 Ill. 329; Jones v. Gane, S. Ct. Mass. 24 Feby., 1910, 91 N. E. 129.

We think the trial court construed the will in all respects as the testatrix intended it to be understood. She did not intend, as we read the will, to bequeath and devise her whole estate, but she proposed only to arrange for the payment of $500.00 to each of the younger children to make them equal with the $500.00 advancement to each of the older children and to give to certain of the children small sums of money to denote her appreciation of kindnesses they had done her. She furthermore desired to make a record of the indebtedness of her sons, Ben and Wood, to her. She probably mentioned Willie, her husband, in order to manifest the thought that she had not overlooked him. She intended for her property to pass under the statutes by descent to her children when they were made equal. That is to say when the younger

ones received $500.00 each as advencements they would then take the small bequests made by her to them and after that they would share and share alike in the estate with the other children. Ben and Wood should be required to account to the estate for the money borrowed from the testatrix. Her estate was of the value of some $45,000.00 or $50,000.00.

As the lower court correctly interpreted and construed the will of the testatrix, the judgment must be and is affirmed. Judgment affirmed.