## FIDELITY & COLUMBIA TRUST CO. v. LUCAS, Collector of Internal Revenue.
### No. 6177.

Circuit Court of Appeals, Sixth Circuit.
June 29, 1933.

MOORMAN, Circuit Judge, dissenting.

Charles W. Milner and William W. Crawford, both of Louisville, Ky. (Crawford,

Middleton, Milner & Seelbach, of Louisville, Ky., on the brief), for appellant.

W. T. Sabine, of Washington, D. C., and Frank A. Ropke, of Louisville, Ky. (Thos. J. Sparks, of Louisville, Ky., and C. M. Charest, of Washington, D. C., on the brief), for appellee.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge.

Louis Philip Ewald, of Louisville, Ky., died testate July 31, 1909. Three children survived him, and to these he left the bulk of his estate. By the first item of his will the testator bequeathed to the Fidelity Trust Company the sum of $300,000 to be held in trust for his children "share and share alike." By the second item he devised to the same trustee the residence formerly occupied by him and his children in Louisville, to be held by the trustee for the use and benefit of the children, whom, he said, he desired to remain together. Both the bequest of the first item and the devise of the second refer to the "trusts hereinafter declared" (under item four), and the only reason for the separate provisions of items one and two is apparently found in the fact that the gifts therein made constitute a first charge upon the estate. The third item is not here involved.

We then come to the most important item of the will, that is, from the viewpoint of the present litigation. Item four bequeathed and devised all the rest and residue of the estate to the trustee named in the first item, "for the use and benefit of my three children above named, upon the following trusts, viz: To apply so much of the income thereof as said Executor and Trustee may deem proper to the liberal maintenance and education of my said three children until they severally arrive at the age of twenty-one years. To pay to each of them thereafter, and until they arrive at the age of twenty-five years, out of the income of my estate or their respective shares thereof, a sum not exceeding ten thousand dollars per annum, and to pay to each of them thereafter, and in like manner, until they arrive at the age of thirty years, a sum not exceeding fifteen thousand dollars per annum." When the eldest surviving child arrived at the age of thirty years, it is provided, "the entire estate then held in trust, shall be by said Trustee, divided into equal shares amongst my surviving children, and the lawful issue of any deceased child, per stirpes." The Fidelity Trust Company is also appointed guardian of the persons of the three children, and "the general expenses of their household" during their minority are made a charge upon the income of the residuary estate.

Both parties to the present appeal agree that the question presented to this court is one of construction of the provisions of the will which are above recited. By codicil, the Columbia Trust Company was substituted as executor and trustee, and, later, the Fidelity Trust Company and the Columbia Trust Company combined, forming the Fidelity & Columbia Trust Company, the present appellant, but these matters are of no moment. If, under proper construction of the will, it was intended that the amounts expended for the "liberal maintenance and education" of each of the three children, until each in turn reached the age of twenty-one years, were to be aggregated and charged in bulk against the income of the residuary estate, without regard to which child or children were benefited thereby, and that any surplus income, over that expended for or paid to the several children, was not to be apportioned or held for the individual accounts of such children, but would become part of the principal of the original trust estate, then as to such surplus income the trustee must make an income tax return as the taxpayer, and the government (in the person of the collector) must here prevail.

If, on the other hand, the true intent was that each child should share equally in the income from the beginning, unrestricted possession and enjoyment of a part of it being merely postponed or deferred until such child reached the age of thirty years; that is, if it was the duty of the trustee to credit each child's account with one-third of the net income, and charge it with one-third of the general expenses in which such child shared, and, in addition, with whatever sums the trustee had expended for that child's sole use, or had paid to him or to her, then it is conceded that the returns were properly made in the names of, and on behalf of, the several beneficiaries.

As has just been suggested, the trustee made annual returns for and on behalf of each of the beneficiaries, reporting one-third of the gross income, less expenses of administration, as the income of each child. Inasmuch as a portion of this gross income was not distributable prior to the time for distribution of the principal, when the eldest child reached thirty years of age, the District

Court held that all income not so distributed was "income * * * held for future distribution under the terms of the will or trust" and was taxable only to the trustee. See Revenue Act of 1916, § 2 (b), 39 Stat. 756; Revenue Act of 1918, § 219 (a) (3), 40 Stat. 1057, 1071; Revenue Act of 1921, § 219 (a) (3), 42 Stat. 227, 246; Revenue Act of 1924, § 219 (a) (1), 43 Stat. 253 (26 USCA § 960 note). Income taxes for the years 1917 to 1926, both inclusive, are involved. Because of surtaxes under higher brackets, resulting from the making of a single return of the annually accumulated or undistributed income, the trustee was required to pay a deficiency assessment of $67,741.97. This sum was paid and the present suit was brought to recover it as illegally assessed. The right of recovery was denied and the trustee appealed.

Shortly before the deficiency assessment was made the executor and trustee filed a petition for advice in the Jefferson Circuit Court of the state of Kentucky touching final distribution to be made under the will, for which the time had then arrived. If at that time the undistributed or accumulated income was to be divided equally among the three children, Philip, the eldest child, would receive some $69,000 more than had theretofore been credited to his account, and the second child, Helen, would receive some $42,000 more than that with which she had been credited. Obviously, therefore, the youngest child would have been entitled to approximately $111,000 less than had been credited to him. The proceedings in the Jefferson Circuit Court therefore directly raised the one question with which we are here concerned, viz.: Whether the expressed intent of the will was that the children should share equally in the income from the time of the decedent's death, or whether such income was to be accumulated and subsequently divided equally amongst the children as of the time of distribution.

It is contended on behalf of the appellant that the decision of the state court construing the will and approving the action of the trustee in annually crediting the account of each child with one-third of the gross income is binding upon this court, citing Uterhart v. United States, 240 U. S. 598, 603, 36 S. Ct. 417, 60 L. Ed. 819. Our attention is also called to the fact that in the case of President and Fellows of Harvard College v. Jewett (C. C. A.) 11 F.(2d) 119, 121, we in effect held that a will must be construed in accordance with the statutes and the decisions of the court of last resort of the state of domicile. But we are of the opinion that it is unnecessary in the present case to resort to a consideration of these principles. Though it be conceded that the construction of a will is a matter of general law in respect of which the federal courts will exercise their own judgment, it must likewise be conceded that the decisions of the state courts upon identical issues should be received with the greatest deference and respect, and that the federal courts will incline to follow such decisions in the event of doubt. While preserving freedom to exercise their own independent judgment, the federal courts should be disinclined to act at variance with the state courts unless such action seems clearly indicated. Compare Swift v. Tyson, 16 Pet. 1, 19, 10 L. Ed. 865, and a long line of decisions down to Black & White Taxi Co. v. B. & Y. Taxicab & Transfer Co., 276 U. S. 518, 530, 48 S. Ct. 404, 72 L. Ed. 681, 57 A. L. R. 426, and cited in that case.

The general principles of construction which are to be applied in the instant case are not seriously disputed. The entire will must be considered; the intent of the testator as ascertained from the will itself, or as therein expressed, must govern [compare President and Fellows of Harvard College v. Jewett, supra; Canadian National Railway Co. v. George M. Jones Co., 27 F.(2d) 240 (C. C. A. 6); Hunt v. Triplex Safety Glass Co., 60 F.(2d) 92 (C. C. A. 6)], and effect must be given to all portions of the instrument if this result can be achieved [Ex parte Public Nat. Bank, 278 U. S. 101, 104, 49 S. Ct. 43, 73 L. Ed. 202; Owensboro Ditcher & Grader Co. v. Markham, 32 F.(2d) 564 (C. C. A. 6)]. And compare Lightfoot v. Beard, 230 Ky. 488, 20 S.W.(2d) 90. There is much natural justice, also, in the general rule of construction, often applied in Kentucky, that "where the language of a will is susceptible of two constructions, the court will adopt that construction which will make the devisees equal." Deppen's Trustee v. Deppen, 132 Ky. 755, 762, 117 S. W. 352, 354. This doctrine is thus stated in Penick, Executor, v. Lewis, 194 Ky. 231, 236, 238 S. W. 745, 748: "Natural instincts induce the feeling that devisees who bear the same relationship to the devisor, and who are equally the natural objects of his bounty, and to whom he is equally obligated by ties of confidence and affection, will be treated by him upon terms of equality, and hence, where the language of a will is susceptible of two construc-

tions, the courts will incline to that construction which will place such devisees upon the plane of equality under the will."

Applying these tenets of construction, we are of the opinion that the language used by the testator clearly manifests the intent that each of his children should share equally in his estate. The will, of course, speaks as of the date of the death of the testator, and his chief concern was obviously the testamentary disposition of the principal of the estate of which he might die possessed. He wished to be assured that at least $300,000 of this principal should be held in trust for his three children "share and share alike." By the reference in item one to "the trusts hereinafter declared," the testator indicated the purpose that there should be but one trust res, but that this should be of the minimum value of $300,000. The language of the testator is in no way strained, therefore, by applying the words "share and share alike" to the trusts created by item four of the will. These words are incorporated by reference, as it were, into the provisions of item four. There was likewise manifest the intent that neither of his sons was to receive control and management of his portion of the estate before reaching thirty years of age, but we see in this nothing inconsistent with the further purpose of exact equality of treatment of all his children. It may also be remarked that where there is, as there was here, a firmly established doctrine of construction in the state of domicile, the testator may be presumed to have had such doctrine in mind when acting with the advice of counsel, the deliberation, and the care which normally attend the preparation of a will by one of large means.

Nor are the words "share and share alike" of item one, and the presumption of an intent to place his children upon a plane of equality, the only support of a finding of the expression of this intent from the language used. The residence was to be held for the equal benefit of all the children, each was placed in identical position in respect of the sums which were to be expended for his or her use or which were to be paid to such child, and in regard to such payments, after the child reached the age of twenty-one years, the testator directs that they shall be made "out of the income of my estate or their respective shares thereof." This latter phrase seems to us to indicate both that the testator had in mind that amounts paid to any child between the ages of twenty-one and thirty

years must never encroach upon the principal of the estate, that is, that they must be made only from income, and that there would be "respective shares" into which the income had been apportioned and from which these payments could be made, thus recognizing the right and duty of the trustee to credit income to the beneficiaries as it was received. It is contended by the appellee that separate "shares" of the principal of the estate would come into existence when the eldest child reached the age of thirty, and that the adjective phrase "or their respective shares thereof" modifies the word "estate," and not the word "income." This is a possible construction, but we do not think that it is the natural one, for after the eldest child reached the age of thirty there would be no necessity for the qualifying phrase, and before that time the words used would be meaningless, and some useful effect should be given to them.

It is also contended by the appellee that the will omits all provision for annual apportionment of income not expended for or paid to any child; that under these circumstances surplus income is not to be considered intestate property, but must be accumulated and held under the same terms of trust as governed the original res; and that therefore the will is explicit in its provision for an equal distribution, not only of the original trust res, but of all accumulated income as well. We are of the opinion that this does not follow in the instant case. Obviously the trustee did not hold the surplus income stripped of all trust obligation, but the question with which we are here concerned is not whether the surplus income was held in trust, but for whom and in what proportions it was so held; and we cannot escape the strong conviction that under the will the surplus income was to be received and held by the trustee for the equal benefit of the three children, of whom the trustee was also the guardian, share and share alike, and that it was therefore the duty of the trustee to set up separate income accounts for each child and to annually credit these accounts with one-third of the net income, after deducting costs of administration, and, possibly, the general expenses of the household as long as the children remained together, as provided by item five. It was with this trust, and this alone, we think, that the surplus income was impressed.

Furthermore, we do not think that the provisions of item four that the share of the

120

testator's daughter should be held in trust for her ·during her natural life, and that the shares of the sons should be turned over to them only as they severally attained the age of thirty years, militate against the conclusions at which we have arrived, for, as we have said, the question is not one of the unrestricted possession and control of either income or principal, but whether the trustee was obligated to periodically credit the account of each child with one-third of the income.· We need not decide also whether the testator's daughter ever became entitled to the accumulated income credited to her account, but, presumably, both she and the sons would be entitled to this upon reaching the age of thirty. The present case is clearly distinguishable from one (such as Fitchie v. Brown, 211 U. S. 321, 29 S. Ct. 106, 53 L. Ed. 202) in which provision was made for the payment of fixed annuities. In such a case the surplus income doubtless always becomes part of the principal.

We accept the position, to which both counsel apparently agree, that income is to be considered as "distributed" to a beneficiary if, under the provisions of the will, it is properly credited to his or her account, although it does not then pass into his or her uncontrolled possession. Compare Willcuts, Collector, v. Ordway, 19 F.(2d) 917 (C. C. A. 8); Bowers, Collector, v. Slocum, 20 F. (2d) 350 (C. C. A. 2); Baltzell v. Mitchell, 3 F.(2d) 428, 431 (C. C. A. 1). Concluding, as we do, that the principles of construction above referred to required the trustee to equally apportion or allot to each beneficiary his or her portion of the income and to deduct· therefrom all sums expended for or paid to such beneficiary, retaining the surplus as a credit balance held in trust for the future use and benefit of the child concerned, we likewise conclude that the judgment rendered by the District Court was erroneous. Since this judgment was rendered upon demurrer to the second amended petition, it is set aside and the cause is remanded for further proceedings consistent with this opinion.

MOORMAN, Circuit Judge (dissenting).

I am of opinion that the judgment of the state court construing the will upon which the decision in this case turns was in effect an agreed judgment and in the circumstances in which it was rendered is to be given no weight in our determination of the question. I am also of opinion that the trial court placed the correct construction on the will.