FIDELITY & COLUMBIA TRUST CO. v.
LUCAS, Collector of Internal Revenue.

No. 1072.

District Court, W. D. Kentucky, at
Louisville.

July 31, 1935.

Crawford, Middleton, Milner & Seelbach, of Louisville, Ky., for plaintiff.

Bunk Gardner, Dist. Atty., G. Oldham Clarke, Asst. Dist. Atty., both of Louisville, Ky., and Robert H. Jackson, Asst. Gen. Counsel, Bureau of Internal Revenue, and Franklin F. Korell, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for defendant.

HAMILTON, District Judge.

The plaintiff in this case is seeking to recover alleged overpayment of income taxes for the calendar years 1917 to and including 1926. One of the questions involved is the proper construction of the will of L. P. Ewald. This case was before this court on demurrer to the answer of the defendant, which was overruled and a written opinion delivered and reported in 52 F.(2d) 298. On appeal to the Circuit Court of Appeals, Sixth Circuit, the judgment of this court was reversed, 66 F.(2d) 116, 120. The case is now finally submitted on the pleadings, evidence, and exhibits, and pursuant to the requests of both parties, the court has separately stated the facts and its conclusions of law.

The two former opinions in the case are referred to for a statement of facts. The principal controversy between the parties now is the correct interpretation of the opinion of the Court of Appeals for the Sixth Circuit.

The evidence in the case and supporting exhibits have added nothing that was not involved in construing the will as set up in the pleadings and the parties do not so contend. There is a difference of opinion between them as to what is the proper application of the decision of the Circuit Court of Appeals to the evidence.

The defendant contends that the appellate court decided there was one trust res and that the current income, excluding capital gain, arising from the trust estate was constructively distributed in three parts to the three Ewald children, and that it follows from this that the tax liability should be determined by allowing the plaintiff to deduct in its return as trustee the full amount of current income, excluding gain from the sale of capital assets, as income, distributed to the beneficiaries, and assessing each beneficiary on the portion of the income constructively credited to his or her separate income account. Capital gains would be taxed to the trustee.

The plaintiff contends that the opinion of the court should be construed as deciding that the plaintiff would make three returns as trustee or guardian, one for each of the children, including there-

in all income arising from ordinary sources and capital gain, and would deduct the amount of income paid to or for each of the children, the child reporting the income paid or used for it and paying the taxes thereon.

Under the defendant's method of determining the tax, the total overpayment in income taxes for the years involved would be $23,324.39. Under the plaintiff's method of determining the tax, the total overpayment would be $62,700.73.

The Circuit Court of Appeals [66 F.(2d) 116, 117] in its opinion said:

"Both parties to the present appeal agree that the question presented to this court is one of construction of the provisions of the will which are above recited. By codicil, the Columbia Trust Company was substituted as executor and trustee, and, later, the Fidelity Trust Company and the Columbia Trust Company combined, forming the Fidelity & Columbia Trust Company, the present appellant, but these matters are of no moment. If, under proper construction of the will, it was intended that the amounts expended for the 'liberal maintenance and education' of each of the three children, until each in turn reached the age of twenty-one years, were to be aggregated and charged in bulk against the income of the residuary estate, without regard to which child or children were benefited thereby, and that any surplus income, over that expended for or paid to the several children, was not to be apportioned or held for the individual accounts of such children, but would become part of the principal of the original trust estate, then as to such surplus income the trustee must make an income tax return as the taxpayer, and the government (in the person of the collector) must here prevail.

"If, on the other hand, the true intent was that each child should share equally in the income from the beginning, unrestricted possession and enjoyment of a part of it being merely postponed or deferred until such child reached the age of thirty years; that is, if it was the duty of the trustee to credit each child's account with one-third of the net income, and charge it with one-third of the general expenses in which such child shared, and, in addition, with whatever sums the trustee had expended for that child's sole use, or had paid to him or to her, then it is conceded that the returns were properly made in the names of, and on behalf of, the several beneficiaries."

After this statement and citing and discussing cases laying down the principles for the construction of wills, the court said: "Applying these tenets of construction, we are of the opinion that the language used by the testator clearly manifests the intent that each of his children should share equally in his estate."

The court, in its opinion, refers time and again to the expression in the will, referring to the three children, "share and share alike." It is clear that the court held in its opinion that Ewald had by his will set up one trust res, but the income arising therefrom was to be kept entirely separate as to each of his three children and immediately become the property of the child upon its being earned, but to continue in trust for the child's future benefit.

The opinion of the Circuit Court of Appeals is the law of this case. It is a finality and the conclusion is inescapable that for income tax purposes three trust estates were established by the will and it was the duty of the trustee or guardian to file three separate returns and include in each all income, both ordinary and capital gain, and deduct therefrom whatever sums were made available to or paid out for each respective child. The general expenses of the estate were to be allocated one-third to each child, and if deductible as an expense under the Revenue Statutes, were to be deducted by the trustee from the taxable income of that child.

The defendant strenuously contends the above interpretation requires the court to decide that the will created "three subsidiary beneficiary trusts." Neither the will nor the opinion is susceptible to this construction. The will is much more simple than that. No strained construction is required to reach the conclusion that the testator intended that each of his three children was to be treated exactly alike. Each of them was to enjoy the income arising from the estate on equal footing. The expenses incurred for all were to be divided proportionately to each of them and the expenses incurred for the especial benefit of any one of them were to be charged to that child.

The defendant contends that the plaintiff did not overpay its taxes for the calendar year 1917, because its income was

understated both by it and the Commissioner of Internal Revenue in his findings. It is contended the income for this year should be increased $80,895.58, and when this sum is added, there was no overpayment for that year regardless of the construction of the will herein involved. The facts concerning this item of income are as follows:

Shortly after the death of the testator, L. P. Ewald, Ellen Seamen, alias Golden, filed a claim against the estate that the testate at the time of his death held for her certain personal property. Some time later she instituted suit in the Jefferson circuit court, Jefferson county, Ky., claiming she was the common-law wife of the testate and the mother of his children. This claim was contested, and after the case had gone to trial, it was compromised by the executors agreeing to pay to her $300,000 in cash and $10,000 per annum as long as she lived, and as a part of the compromise settlement, it was also agreed that she was his wife. She died in 1917, and the sum she had realized to the date of her death was $80,895.58 less than the value of her dower interest in the estate. It is contended by the defendant that this resulted in taxable gain to the estate.

 In the administration of the internal revenue laws, we are concerned with substance and not form. There is no doubt this was a compromise of a disputed claim. In any event, though it be admitted that all parties are bound by the judgment of the Jefferson circuit court adjudging Ellen J. Ewald to be the wife of L. P. Ewald, it does not follow that taxable income was realized by her acceptance of less than the value of her dower in his estate. Out of such a transaction neither gain nor loss can arise. Helvering v. Butterworth, 290 U. S. 365, 371, 54 S. Ct. 221, 78 L. Ed. 365; Buck v. McLaughlin (C. C. A.) 48 F.(2d) 135; Frank v. Commissioner (C. C. A.) 51 F.(2d) 923; Farmers' & Merchants' Bank of Cattlettsburg v. Commissioner (C. C. A.) 59 F.(2d) 912; McDonald v. Commissioner, 9 B. T. A. 1340; Hawkins v. Commissioner, 6 B. T. A. 1023; Gould v. Gould, 245 U. S. 151, 38 S. Ct. 53, 62 L. Ed. 211; Spencer v. Commissioner, 20 B. T. A. 58; Bok v. Commissioner, 32 B. T. A. 362.

 Within the time provided under the internal revenue laws and the regulations of the Treasury Department for each of the years involved in this cause, there were filed with the collector of internal revenue for the district of Kentucky alleged claims for refunds. The claims were headed, "L. P. Ewald Estate, c/o Fidelity & Columbia Trust Company, Louisville, Kentucky." The reasons stated for the refund of the taxes were as follows: "Because L. P. Ewald devised his property to the Fidelity & Columbia Trust Company as Trustee for his three children, Philip, Helen, and Sterling. He directed the payment of certain sums to each of the children annually and the accumulation of the balance, this accumulation to be added to the principal. The Government has held that the trust is to be considered as an entity, while the Trustee contends it is to be treated as three estates."

The claims were signed, "L. P. Ewald Estate by Fidelity & Columbia Trust Company, by Lee P. Miller, Secretary."

The defendant contends that the plaintiff bases its petition and amended petition on grounds of recovery essentially different from those stated in the refund claim which is fatal to plaintiff's cause of action.

Usually in the preparation of refund claims, the taxpayer is guided by the theory on which the Commissioner of Internal Revenue has determined the additional assessment and the applicant seeks to combat his facts or conclusions.

The Commissioner in his letter of notification of the proposed additional assessments for the years involved in this action stated his conclusions as follows: "The income tax returns of the Estate of L. P. Ewald have been adjusted in accordance with Solicitor's Opinion 149, Page 20, Cumulative Bulletin 11, 1, which holds that the Trust created by the will of L. P. Ewald is discretionary. The rule is that such discretionary trust is taxable to the trustees as a single entity."

The refund claim correctly states the Commissioner's conclusion and then alleges that the estate should have been divided into three trusts.

It is alleged in the original petition that the Commissioner in his determination improperly construed the will of L. P. Ewald in holding it was a single taxable entity, that its proper construction was the creation of four separate trusts,

one general and one for each of his three children.

In the second amended petition, the plaintiff alleges that the estate was divided into three separate trusts and that, as executor or trustee, it kept its accounts separate as to each trust. The pleadings of both parties in this case contain a great deal of evidence and unnecessary matter. The rule of pleading only ultimate facts seems to have been forgotten by each party.

The defendant only points out one alleged defect in the refund claims. They would probably be subject to criticism because not in fact made by the trustee or executor, but again, this is the fault of the Treasury Department, because the notice of the proposed assessment of taxes is addressed to "The L. P. Ewald Estate" and not to the executor or trustee.

The Commissioner based the tax on a single trust estate or one entity. The plaintiff in its original petition alleged that there were four trusts with four taxable entities. The second amended petition is susceptible to the construction that there were three trusts and three taxable entities. If I had decided that there were four taxable entities, there would be ground for the defendant's contention that the refund claims did not support the petition. However, in this opinion I have found there were three taxable entities or three trusts, which is as contended in the refund claims.

Section 3226 of the Revised Statutes, as amended by the various Revenue Acts (26 USCA § 156), provides that before any suit can be maintained for the recovery of any taxes overpaid, a claim for refund or credit must have been filed with the Commissioner of Internal Revenue and rejected by him or held without decision for six months or more. I believe the claim filed in this action fully complies with the above statutory requirements. The following citations lend support to this conclusion: United States v. Humble Oil & Refining Co. (C. C. A.) 69 F.(2d) 214; International Curtis Marine Turbine Co. v. United States (Ct. Cl.) 56 F.(2d) 708; United States v. Elgin Nat. Watch Co. (C. C. A.) 66 F.(2d) 344; Bemis Bros. Bag Co. v. United States, 289 U. S. 28, 58 S. Ct. 454, 77 L. Ed. 1011; Bass v. Hawley (C. C. A.) 62 F.(2d) 721; Bladine v. Chicago Joint Stock Land Bank (C. C. A.) 63 F.(2d) 317; U. S. v. Memphis Cotton Oil Co., 288 U. S. 62, 53 S. Ct. 278, 77 L. Ed. 619.

 This statute should receive a practical construction where the refundment of additional taxes is sought. In such cases, the Commissioner of Internal Revenue has already considered the facts before his determination to assess the additional taxes, and if the refund claim is sufficient to notify the Commissioner that the taxpayer does not agree with either his facts or conclusions of law, it is adequate.